SPECTOR, Chief Judge.
By this interlocutory appeal, Government Employees Insurance Company seeks reversal of a partial summary judgment entered in favor of appellees.
Appellant insurance company issued an automobile liability policy to one Perdue. Following what must have been several too many at a local tavern, Perdue mistakenly got in the wrong car and drove off. It seems that the keys to his car fit the ignition of a car owned by another patron of the bar, one Stewart, and for reasons which can only be explained by Perdue’s lack of sobriety, he was unable to distinguish his car from Stewart’s. Shortly after he drove off in Stewart’s car, Perdue collided with a car owned and driven by appellee Donald.
Donald and his wife sued to recover for injuries sustained, and among the defendants were Perdue and his liability insurer, the appellant. Perdue’s insurer contended below that there was no coverage because its insured did not have permission of the owner to drive the car involved in the collision with the Donalds. The trial court rejected appellant’s contention of no coverage and granted partial summary judgment on that issue in favor of the appellees. We agree.
The policy issued to Perdue contained the following provisions:
“PERSONS INSURED: The following are insureds under Part I:
* * * * * *
(b) with respect to a non-owned automobile,
*190 (1) the named insured,
(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation ... is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, . . . ”
Appellant contends that the permission proviso found in (b) (2) above applies not only to “any relative” for whom coverage is afforded in (b)(2), but is equally applicable to “the named insured” for whom coverage is afforded as to non-owned automobiles in (b)(1). This contention was rejected by the South Carolina Supreme Court when construing an identical policy provision in Harleysville Mutual Casualty Company v. Nationwide Mutual Insurance Company, 248 S.C. 398, 150 S.E.2d 233 (1966). In holding that the permission re-» quirement applied only to the “any relative” subsection, that court said at page 234:
“In the light of the universal rule that an insurance policy must be construed most strongly against the insurer, resolving any ambiguity in favor of the insured, the question is whether the policy is reasonably susceptible of a construction that the permissive use proviso applies only to clause (b) (2) of the omnibus clause, with which it is juxtaposed. We think that the question must be answered affirmatively. This is the meaning which the clause would convey to a person of ordinary intelligence and experience.”
We agree with the reasoning articulated by the court in Harleysville, supra. If the appellant had wished it to be understood that the permission proviso applied to the named insured, it should have said so in clear and unambiguous terms, rather than in a subsection that was separately numbered.
Accordingly, the interlocutory appeal herein is dismissed.
WIGGINTON and JOHNSON, J J., concur.