386 P.2d 249

Orville G. GRAY, Plaintiff-Appellant,

v.

INTERNATIONAL SERVICE INSURANCE
COMPANY, Defendant-Appellee.

No. 7275.

Supreme Court of New Mexico.

Oct. 28, 1963.

Lorenzo A. Chavez, Melvin L. Robins, Albuquerque, for appellant.

Shaffer & Butt, Albuquerque, for appellee.

CHAVEZ, Justice.

This is an appeal from a summary judgment granted to defendant-appellee, International Service Insurance Company, in a suit for declaratory judgment to determine the liability under a family automobile policy issued by appellee to plaintiff-appellant, Orville G. Gray.

Appellee agreed to pay, on behalf of appellant, all sums which appellant would become obligated to pay as damages because of bodily injury sustained by any person and property damages arising out of the ownership, maintenance or use of a 1958 Chevrolet automobile and any non-owned automobile. Appellee also agreed to defend any suit brought against appellant alleging bodily injury or property damage. Under "PART I—LIABILITY," the policy provides:

"PERSONS INSURED

"The following are insureds under Part I:

"(a) With respect to the owned automobile,

"(1) the named insured and any resident of the same household,

"(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;

"(b) With respect to a non-owned automobile,

"(1) the named insured,

"(2) any relative, but only with respect to a private passenger automobile or trailer, provided the actual use thereof is with the permission of the owner;

"(c) Any other person or organization legally responsible for the use of

"(1) an owned automobile, or

"(2) a non-owned automobile, if such automobile is not owned or hired by such person or organization, provided the actual use thereof is by a person who is an insured under (a) or (b) above with respect to such owned automobile or non-owned automobile."

Under "PART III—PHYSICAL DAMAGE, DEFINITIONS," the policy further provides:

" 'Insured' means * * * (b) with respect to a non-owned automobile, the named insured and any relative provided the actual use thereof is with the permission of the owner;

" 'non-owned automobile' means a private passenger automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile, while said automobile or trailer is in the possession or custody of the insured or is being operated by him;"

Appellant was driving a non-owned automobile, which subsequently turned out to be stolen, and became involved in an automobile accident with a car operated by one Donald Fuller, as a result of which Fuller was injured. Fuller filed suit for damages against appellant. Appellee refused to defend the suit, contending that appellant was afforded no coverage for the reason that the policy covers appellant in a non-owned vehicle only where permission for its use is granted by the owner. Appellant then filed suit for a declaratory judgment in Bernalillo County. Motion for summary judgment was made and granted in favor of appellee on the ground that the complaint

failed to state a claim against appellee. The motion for summary judgment was based upon the pleadings, records, files and the affidavit of one of appellee's attorneys, to the effect that appellant was afforded no coverage because the policy covers appellant in a non-owned automobile, only where permission for its use is granted by the owner; and that the vehicle was non-owned, was in fact a stolen car, and obviously no permission had been granted for its use by the owner to appellant.

Appellant appears to concede that, under the comprehensive and personal effects coverage of the policy, appellee is not liable for damages caused by the insured while driving a non-owned automobile, if the insured has not obtained the consent of the owner.

Appellant cites Sperling v. Great American Indemnity Company, 7 N.Y.2d 442, 199 N.Y.S.2d 465, 166 N.E.2d 482, in support of his contention that coverage was afforded to appellant under the terms of the policy while he was driving a stolen car. Sperling involved the 16-year-old daughter of the insured who, while driving a stolen automobile, negligently collided with another vehicle. The pertinent terms of the family automobile policy stated:

"(b) With respect to a non-owned automobile, (1) the named insured, (2) any relative, but only with respect to a private passenger automobile or trailer not regularly furnished for the use of such relative."

The court held that since permission to use a non-owned automobile was not made a condition of coverage with respect to a relative of the named insured, "The court is not at liberty to inject a clause .into the policy or to make a new contract for the protection of the insurance company." In Sperling, the insurer argued that the policy was never "intended" to cover a relative who negligently caused injury with a "stolen" car. The court stated that if the insurer intended to cover such a situation, it should have provided against it as in the revised family automobile policy.

It appears that the family automobile policy was revised in 1958, possibly to meet the rulings in Sperling v. Great American Indemnity Company, supra, and in Home Indemnity Company v. Ware (3 C.C.A.1960), 285 F.2d 852, which involved policies apparently issued prior to the 1958 revision of the family automobile policy.

The language of the policy in the case before us, with respect to owned and non-owned automobiles, appears to follow the exact wording used in the 1958 revision of the family automobile policy. Insurance Counsel Journal, (Jan. 1963), p. 106, n. 57, app. C1.

Bowman v. Preferred Risk Mutual Insurance Company, 348 Mich. 531, 83 N.W.2d 434, also cited by appellant, is of little help in resolving the question before us. In that

case, the non-owned automobile had been parked in the street in front of Bowman's home, thereby preventing him from parking his car in the space occupied by the non-owned car. Bowman got into the non-owned automobile, released the brakes, intending to roll it back a few feet. The brakes failed and the runaway car damaged another car. The argument was made in that case as to the wrongful act of the insured in moving another's car, but the court held that the insured was covered since he was not a conscious wrongdoer, relying upon the old maxim, *de minimus non curat lex*.

In Home Indemnity Company v. Ware, supra, the 16-year-old stepson of the insured was driving a stolen car and became involved in an accident, thereby injuring several teen-aged friends who were passengers. The accident occurred on July 15, 1958. The insured's policy captioned "Family Combination Automobile Policy" covered the named insured and his wife. In the case of a "non-owned automobile," coverage extended to "any relative, but only with respect to a private passenger automobile or trailer not regularly furnished for the use of such relatives." "Relative" was defined as any "relative of the named insured who is a resident of the same household." In that case the court said:

"* * * We think this language falls far short of making it obvious to the ordinary reader that a relative of

the named insured is covered while driving a stolen automobile."

Thus, we are of the opinion that, in the policy before us, with respect to a non-owned automobile, permission for its use was made a condition of coverage as to both the named insured and to a relative of the named insured, and that no ambiguity appears in the policy.

It is unquestioned that the rule in New Mexico is that an insurance policy which may reasonably be construed in more than one way should be construed liberally in favor of the insured. Erwin v. United Benefit Life Insurance Company, 70 N.M. 138, 371 P.2d 791; Gendron v. Calvert Fire Ins. Co., 47 N.M. 348, 143 P.2d 462, 149 A.L.R. 1310. However, it is well established that where no ambiguity or uncertainty appears in the policy, no place is found for the operation of the rule. Rea v. Motors Ins. Corporation, 48 N.M. 9, 144 P. 2d 676. Also, a strained construction will not be resorted to for the purpose of establishing the existence of an ambiguity in the insurance policy. East & West Ins. Co. of New Haven, Conn. v. Fidel, (10 C.C.A. 1931), 49 F.2d 35.

The judgment of the district court is affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.