18560

HARLEYSVILLE MUTUAL CASUALTY COMPANY, Appellant, v. NATIONWIDE MUTUAL INSURANCE COMPANY, South Carolina Insurance Company, May J. Willis, Ray Willis, Waymon R. Hairston, Dorothy Bridwell, Laura Toby, Lee H. Garrison, Harry Cline, Milton Garrison, a minor over 14 years of age, Steve Day, a minor over 14 years of age, and Steve Moore, a minor over 14 years of age, of whom Nationwide Mutual Insurance Company, May J. Willis, Ray Willis, Waymon R. Hairston, Dorothy Bridwell, Laura Toby, Lee H. Garrison, Harry Cline and Milton Garrison are, Respondents.

(150 S. E. (2d) 233)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs. Wyche, Burgess, Freeman & Parham,* of Greenville, *for Respondents, Nationwide Mutual Insurance Company and Waymon R. Hairston,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant, in Reply,*

September 8, 1966.

BRAILSFORD, Justice.

Waymon R. Hairston was in an automobile collision on March 28, 1965. He was, without the permission of the owners, driving a car which belonged to the parents of his companion. Hairston was the named insured in an automobile liability insurance policy which had been issued to him by Harleysville Mutual Casualty Company. Harleysville brought this action for a declaratory judgment absolving it of liability to Hairston on account of claims against him arising out of the accident. Harleysville contends that its policy afforded coverage to Hairston while operating a non-owned automobile only when such use was with the permission of the owner. The circuit court overruled this contention and Harleysville has appealed. The proper construction of the policy in this respect is the sole issue for decision.

By the insuring agreement, the company undertakes to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay * * * arising out of the * * * use of the owned automobile or any non-owned automobile." There is no claim that the generality of this coverage is limited in any relevant respect by any provision of the exclusions section or of the definitions section of the policy. Instead, reliance is upon the omnibus clause, usually thought of as extending coverage to additional assureds rather than as limiting that afforded to the named insured. Because of the nature of the argument thereabout, we reproduce this clause by attaching below a cutout from a photostat of a specimen policy, which was furnished to the court by counsel.

Persons Insured. The following are insureds under Part 1:
(a) With respect to the owned automobile,
 (1) the named insured and any resident of the same household,
 (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;

 (b) With respect to a non-owned automobile,
 (1) the named insured,
 (2) any relative, but only with respect to a private passenger automobile or trailer,
 provided the actual use thereof is with the permission of the owner;
 (c) Any other person or organization legally responsible for the use of
 (1) an owned automobile, or
 (2) a non-owned automobile, if such automobile is not owned or hired by such person or organization,
 provided the actual use thereof is by a person who is an insured under (a) or (b) above with respect to such owned automobile or non-owned automobile.

In the light of the universal rule that an insurance policy must be construed most strongly against the insurer, resolving any ambiguity in favor of the insured, the question is whether the policy is reasonably susceptible of a construction that the permissive use proviso applies *only* to clause (b) (2) of the omnibus clause, with which it is juxtaposed. We think that the question must be answered affirmatively. This is the meaning which the clause would convey to a person of ordinary intelligence and experience.

The contrary argument is based entirely upon the "use of the margins." The intention that the permissive use proviso should modify (b), (1) *and* (2) is found in the placement of the word "provided", not on the same margin as the word "any" above it, but "all the way out to the margin at the beginning of (b) under the word 'with'."

After studying the contract in the light of the argument, it is apparent that the draftsman intended that the placement of the word "provided" should have the significance ascribed to it by counsel. We must conclude, however, that the device, in context, was inadequate for this purpose. In the printed policy, the location of the word "provided" on the margin is so inconspicuous as to escape the attention of any save the most diligent and observant. The line above

the proviso extends all the way to the right-hand margin and the line below it extends almost as far. The lines are closely printed. There is no double spacing; nothing, as in (c), (2), to accent the shift in margin. Counsel cite in their brief some excellent textbook examples of the use of margins to achieve clarity in legal draftsmanship. In each instance, the spacing emphasizes the use of the device, and makes it conspicuous, in sharp contrast to this policy provision.

Only two cases have come to our attention in which a like policy provision has been construed. The result in *McMichael v. American Insurance Co.* (8th Cir.), 351 F. (2d) 665, agrees with our conclusion. *Gray v. International Service Ins.,* 73 N. M. 158, 386 P. (2d) 249, which involved a stolen automobile, is *contra.*

Affirmed.

Moss, C. J., Lewis and Bussey, JJ., and Lionel K. Legge, Acting J., concur.