**INDIANA LUMBERMEN'S MUTUAL INS. CO., Appellant,**

v.

**HARTFORD ACCIDENT AND INDEMNITY CO., Appellee.**

No. 4887.

Court of Civil Appeals of Texas, Waco.

May 7, 1970.

Appellant's and Appellee's Rehearing Denied June 4, 1970.

Sleeper, Boynton, Burleson, Williams & Johnston, Minor Helm, Jr., Waco, Royal H. Brin, Dallas, for appellant.

Naman, Howell, Smith & Chase, Waco, for appellee.

## OPINION

WILSON, Justice.

Two automobile insurers in this case present questions of coverage. Indiana Lumbermen's Mutual Insurance Company had in force a Texas standard family automobile policy issued to the non-owner driver, Brooks. Hartford Accident Indemnity Company had in effect a garage liability policy covering the automobile which was involved in the collision, and which was owned by Zachry, the father of the occupant of the automobile who gave permission to Brooks to drive it on the occasion of the accident.

The jury found that the automobile was being furnished by Zachry for the regular use of the occupant, his daughter; but also found that Brooks was not driving with the implied permission of the owner, Zachry. Indiana Lumbermen's motion for judgment on the verdict was overruled. Hartford's motion to disregard the finding that the automobile was furnished for the regular use of Zachry's daughter, as having no support in the evidence, was granted. Judgment was rendered in Hartford's favor against Indiana Lumbermen's for the amount Hartford had previously paid (under stipulation by the two insurers) to a plaintiff in the personal injury action resulting from the collision.

Hartford's garage liability policy covered loss from ownership, maintenance or use of any automobile owned by Zachry while furnished for the use of any person to whom he "furnishes automobiles for their regular use". Persons insured included "any person while using the automobile" with permission of the person to whom it was so furnished. It is undisputed that

Zachry's daughter gave permission to Brooks to drive the automobile, and hence, the parties recognize that Hartford's policy covered the loss if the jury finding that Zachry furnished the automobile for his daughter's regular use is supported by probative evidence.

■ Much of the briefs of the parties relate to the propriety of the consideration by the court after verdict of the deposition of the driver, Brooks, which had been excluded during the trial. It is unnecessary to decide these contentions, for the testimony in the deposition is hearsay and could have no probative effect on the finding disregarded. The issue is whether there was other evidence to sustain the finding that the automobile was furnished for the daughter's regular use. If so, she was authorized to grant permission to Brooks so as to make him covered as an insured, and to make Hartford liable. We conclude there is no evidence of probative force to authorize the disregarded finding.

Insured Zachry's daughter testified the Ford car involved in the collision was used by her father in his service station business "to pick up things and stuff like that"; that her father or one of his employees usually took her to school, but "this day they were busy and I took the car"; borrowing it from Zachry. "Q. Did he furnish that automobile to you regularly? A. No, sir. Q. Did you use it other than just on rare occasions? A. No, sir. Usually when they couldn't take me to school I used it." Her father "didn't want anybody else to drive it," but she "didn't think Daddy would find out". "Q. As far as you were concerned, anytime he wanted to use it, you would allow him to use it? A. Well, when I had it. I didn't have it that often". Zachry did not know Brooks, who, apparently, frequently took Zachry's daughter to school. She "quite often used the family car", a Chevrolet, that her mother usually drove. "Q. Your mother usually drove the other car, didn't she? A. Most of the time, but I did use it, and then I rode with other kids sometimes, too." There "was never any set pattern". She testified her father never did furnish her any car for her "regular use at any time. It was on a permission basis. I had to ask if I got to use the car".

Zachry testified he did not "furnish this or any automobile for the regular use" of his daughter; that "on occasion I would have the porter carry her" to school and bring the car back. "About the only time she ever drove the car was when we would be too busy to send a man along with her". He "never furnished any vehicle for her regular use".

We find no evidence of probative force in the record, considered most favorably to appellant, to sustain the jury finding which, in our opinion, the court properly disregarded.

■ Appellant argues that the Ford and Chevrolet owned by Zachry could be considered a "group" regularly furnished for his daughter's use. Even if the "group rule"[1] relied on is applied, the evidence, when considered most favorably to appellant, will not support the finding and it was properly disregarded. It thus forms no basis for coverage by or liability of Hartford.

By agreement reserving, and without prejudice to their rights, the two insurance companies each paid one-half of the personal injury judgment recovered in a prior action by a plaintiff against Brooks and Zachry's daughter, thus disposing of that plaintiff's suit against the two in-

[1]. Cases cited in support of this rule include Voelker v. Travelers Indemnity Co., 7 Cir., 260 F.2d 275; Farm Bureau Mut. Automobile Ins. Co. v. Boecher, Ohio App., 48 N.E.2d 895; Davy v. Merchants Mut. Cas. Co., 97 N.H. 236, 85 A.2d 388; Hayes v. Fireman's Fund Ins. Co., Colo., 460 P.2d 225; and Dickerson v. Millers Mut. Fire Ins. Co. of Texas, La.App., 139 So.2d 785.

surers. In the present action each insurance company seeks to recover its one-half payment in settlement of that judgment.

■ Indiana Lumbermen's urged that any coverage it had by virtue of its policy issued to Brooks was secondary to Hartford's coverage, because Indiana Lumbermen's policy provided only excess coverage on use of non-owned automobiles.

Under our determination that Hartford had no primary coverage by virtue of the jury finding, it is not necessary to consider this position unless it should be held, as appellant insists, that Brooks should be afforded protection under Hartford's general omnibus clause. The argument is that where the original permittee, Zachry's daughter, is an occupant of the car, and benefits from the use of the automobile by her permittee, Brooks, and where the use to which it is being put is within the scope of her initial permission, coverage is created regardless of who is driving, and regardless of an express prohibition, as here, against permission being given by the original permittee[2] to another.

There are conflicting lines of decisions on this question. See 4 A.L.R.3d, Secs. 11, 12, pp. 61-74. In our opinion, however, it is incongruous to first recognize that the named insured has expressly forbidden the original permittee to extend permission to another, and then proceed to hold he has given implied consent under these circumstances. The decisions which appear to represent the majority rule denying coverage in the present situation are based on what we regard as the better reasoning, and we follow them. See 4 A.L.R.3d, Sec. 11

(a), p. 61. In our opinion coverage does not exist under the Hartford Garage Liability Policy.

■■ Appellant then says its own policy does not afford coverage to Brooks because, as it contends, his actual operation of a non-owned automobile under the policy must be "with the permission, or reasonably believed to be with the permission of the owner", and be "within the scope of such permission". The policy provides, "The following are insureds:

"(b) with respect to a non-owned automobile,

    (1) the named insured,

    (2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation * * * is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission".

It appears to be settled that the permissive use provision, with respect to a non-owned automobile, is applicable to the named insured. Phillips v. Government Employees Insurance Company (6 Cir. 1968), 395 F.2d 166, 168; Jones v. Indiana Lumbermen's Mutual Ins. Co. (La.App. 1964), 161 So.2d 445, 448, writ ref., 245 La. 1077, 162 So.2d 572; Gray v. International Service Ins. Co. (1963), 73 N.M. 158, 386 P.2d 249, 252; Insurance Counsel Journal, January, 1970, pp. 62-63. After tracing changes in the non-owned automobile provisions, the last cited article says of the present clause: "This new language requires that the owner not only give permis-

2. Appellant cites, among others, Indemnity Ins. Co. v. Metropolitan Casualty Ins. Co., 33 N.J. 507, 166 A.2d 355; Allstate Ins. Co. v. Fidelity & Casualty Co., 73 N.J. Super. 407, 180 A.2d 168, 181 A.2d 783; Hanover Ins. Co. v. Miesmer, 42 Misc.2d 881, 249 N.Y.S.2d 87; Pollard v. Safeco Ins. Co. (1963), 52 Tenn.App. 583, 376 S.W.2d 730; Garland v. Audubon Ins. Co., La.App., 119 So.2d 530; Smith v. Insurance Co. of State of Pennsylvania,

La.App., 161 So.2d 903, writ. ref. 246 La. 344, 164 So.2d 350; Metcalf v. Hartford Accident & Indemnity Co., 176 Neb. 468, 126 N.W.2d 471; Great American Ins. Co. v. Anderson, 6 Cir., 395 F.2d 913; American Fire & Casualty Co. v. Blanton, Fla.App., 182 So.2d 36; Phoenix Ins. Co. v. Allstate Insurance Co., Tex.Civ.App., 412 S.W.2d 331, 7 Am.Jur. 2d, Sec. 117, p. 435.

sion for the use of the car, but also that he give it to" the named insured, or at least not forbid his use of it. We conclude that the clause requiring permission of the owner in the Indiana Lumbermen's policy proviso applies to Brooks, the named insured. Since there was no permission express or implied given by the owner, Zachry, for use of the vehicle by Brooks, the latter policy did not cover the loss.

It is consequently apparent that neither policy covered, and neither insurer is entitled to recovery from the other. We do not reach appellee's cross-points. The judgment is reversed, and judgment is here rendered that both appellant and appellee take nothing.