Robert M. BRIGHT, Administrator of the Estate of Robert R. Bright, deceased, and Dennis Harless, Plaintiffs-Appellants,

v.

OHIO CASUALTY INSURANCE COMPANY, Defendant-Appellee.

No. 20759.

United States Court of Appeals, Sixth Circuit.

June 15, 1971.

1342

———

Rudolph L. DiTrapano, Charleston, W. Va. (Robert W. Lawson, III, Charleston, W. Va., and Charles S. Tricarichi, Cleveland, Ohio, on the brief), for appellants.

Robert F. Hesser, Cleveland, Ohio (Jerome S. Kalur, Jamison, Ulrich, Burkhalter & Hesser, Cleveland, Ohio, on the brief), for appellee.

Before WEICK and MILLER, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

WILLIAM E. MILLER, Circuit Judge.

In 1963 a stolen vehicle driven by Roger Hostetler collided with an automobile operated by Robert R. Bright. Appellant Dennis Harless was the owner of, and passenger in, the vehicle driven by Bright. As a result of the accident, Robert R. Bright was killed and Harless was injured. In the present diversity action the court below found that Hostetler negligently caused the accident and awarded damages in favor of appellants Robert M. Bright, administrator of the estate of Robert R. Bright, and Dennis Harless.

At the time of the accident Hostetler was insured by a family automobile policy issued by defendant-appellee, the Ohio Casualty Insurance Company. When Hostetler was unable to satisfy the judgments against him, the appellants brought a second action in the court below against appellee insurance company for the unpaid amount of the judgments against the insured, Hostetler. All parties filed motions for summary judgment. Finding that the policy clearly denied coverage if the insured was driving a stolen car, the district court granted summary judgment for the appellee. Appeal is from that decision. The only issue before us is whether the policy extends coverage to an insured while driving a stolen motor vehicle.

We must affirm if, viewing the facts in the light most favorable to the appellant, the district court would have been required to direct a verdict in favor of the appellee had the case gone to trial by jury. Aetna Ins. Co. v. Loveland Gas & Elec. Co., 369 F.2d 648, 653 (6th Cir. 1966). Considering the terms of Hostetler's insurance policy and the relevant precedents, we believe that the court below properly granted summary judgment for the appellee.

The insurance policy reads in pertinent part:

Persons Insured. The following are insureds under Part I:
(a) With respect to the owned automobile,
  (1) the named insured and any resident of the same household,
  (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;
(b) With respect to a non-owned automobile,
  (1) the named insured,
  (2) any relative, but only with respect to a private passenger automobile or trailer
  provided the actual use thereof is with the permission of the owner;
[A4285]

———

Postulating that the policy is ambiguous, appellants argue that the phrase "provided the actual use thereof is with the permission of the owner" in paragraph (b) refers only to (b) (2). Therefore, the appellants contend that

under this policy the named insured, Hostetler, is covered while driving a stolen vehicle, but "any relative" is insured only while driving a vehicle with the owner's permission.

■ It is axiomatic that an insurance policy prepared by the insurer must be liberally construed in favor of the insured. Any ambiguity must be resolved against the insurer. Yeager v. Pacific Mut. Life Ins. Co., 166 Ohio St. 71, 139 N.E.2d 48 (1956). Nevertheless, this rule of construction should not be applied to provide an unreasonable or forced interpretation of the words of the policy. Morfoot v. Stake, 174 Ohio St. 506, 190 N.E.2d 573 (1963). The court must adopt the construction which most nearly corresponds with the intention of the parties as ascertained from the words employed by them in their plain, ordinary and usual meaning. Portaro v. American Guar. & Liab. Ins. Co., 210 F. Supp. 411 (N.D.Ohio 1962).

■■ As we read the relevant portion of the policy before us, paragraph (b) is not ambiguous in defining the term "insureds" for purposes of coverage. The configuration of this paragraph clearly indicates that the provision beginning with "provided" applies to both (b) (1) and (b) (2). Consequently, under paragraph (b) both the "named insured" (Hostetler) and "any relative" are "insureds" only while using a vehicle with the owner's permission. Appellants' argument that the "provided" clause of paragraph (b) applies only to (b) (2) ignores the obvious differences in the physical relationship of the five lines located under the phrase "With respect to a nonowned automobile." The physical relationship of the words of a contract, like their meaning, must be considered in deriving the intent of the parties. The alignment of the "provided" clause with the "With respect to" provision rather than with the word "trailer" indicates the intent of the parties that the owner's "permission" should limit and qualify both (b) (1) and (b) (2).

Appellants cite two cases in support of their argument. Neither case is persuasive. In McMichael v. American Ins. Co., 351 F.2d 665 (8th Cir. 1965), the court held that an owner's permission provision applied only to (b) (2). That decision, however, was based on a policy which read:

(b) With respect to a non-owned automobile,

(1) the named insured,

(2) any relative but only with respect to a private passenger automobile or trailer,

provided the actual use thereof is with the permission of the owner; * * *." 351 F.2d at 667. [A4287]

Although the appellants contend that the *McMichael* provision "is identical to the provision in question in the present case," a cursory comparison of the two provisions reveals that the physical relationship of the "provided" clause in *McMichael* differs markedly from that in Hostetler's policy. In *McMichael* the "provided" limitation is aligned with the second and third lines of (b) (2). Here it is placed directly under the introduction of paragraph (b) and more clearly reflects an intention for the provision to apply to both (b) (1) and (b) (2).[1]

Appellants also rely on Harleysville Mut. Cas. Co. v. Nationwide Mut. Ins. Co., 248 S.C. 398, 150 S.E.2d 233 (S.

---

1. It is also questionable that *McMichael* would apply to the case of a stolen vehicle. The court in *McMichael* found Gray v. International Serv. Ins. Co., 73 N.M. 158, 386 P.2d 249 (1963) ("provided" clause applies to both (b) (1) and (b) (2)) distinguishable because "in *Gray* the court found the non-owned automobile used by the named insured to be stolen." 351 F.2d at 668.

**1344**

Car.1966), a state court opinion which held that the owner's permission clause applied only to (b) (2). The policy in *Harleysville* provided in pertinent part:

> **(b) With respect to a non-owned automobile,**
> **(1) the named insured,**
> **(2) any relative, but only with respect to a private passenger automobile or trailer, provided the actual use thereof is with the perimssion of the owner; Id. at 234.**
> [A4286]

---

Although the *Harleysville* policy is similar to that construed in *McMichael,* it is significantly different from the policy with which we are concerned. The "provided" clause in *Harleysville* is so aligned that a careful reading of the policy does not disclose whether the clause applies only to (b) (2) or to both (b) (1) and (b) (2). Under these circumstances, the court in *Harleysville* construed the policy against the insurer. We do not find the same ambiguity in the present policy, for the "provided" clause here involved is clearly in a different margin than the second line of (b) (2). The *Harleysville* decision cites another part of the policy involved in that case as an example of a "provided" clause that is appropriately aligned to indicate its applicability to both (b) (1) and (b) (2).[2] The margins in this provision are very similar to those in the policy under consideration in the instant appeal. *See also* Gray v. International Serv. Ins. Co., 73 N.M. 158, 386 P.2d 249 (1963).

Since Hostetler's policy, in our view, denies coverage while the named insured (Hostetler) is using a non-owned vehicle without the owner's permission, we must affirm the decision of the court below. Our duty is to read contracts as they are written. We may not extend the terms of an insurance policy beyond the reasonable expectations of the parties and the plain words of the policy.

Affirmed.

2. The "provided" clause found unambiguous in *Harleysville* read as follows:

