## STATE AUTOMOBILE MUTUAL INSURANCE COMPANY *v.* WILLIAMS ET AL.

[No. 206, September Term, 1972.]

*Decided April 4, 1973.*

536

The cause was argued before MURPHY, C. J., and BARNES, SINGLEY, SMITH and LEVINE, JJ.

*Frederick J. Green, Jr.*, with whom were *Lord, Whip, Coughlan & Green* on the brief, for appellant.

*Philip O. Foard*, with whom were *Joseph L. Johnson* and *Buckmaster, White, Mindel & Clarke* on the brief, for appellees Williams and Arnold. *William F. McDonald* for Robert H. Giese, other appellee.

LEVINE, J., delivered the opinion of the Court.

This appeal by State Automobile Mutual Insurance Company (State) is from a summary judgment granted to appellees, Diana O. Williams and Donna L. Arnold, and their respective husbands, George H. Williams, III, and W. Perry Arnold. They had brought a declaratory judgment proceeding to determine liability under a family automobile policy issued by State to its insured, Robert H. Giese (Giese). After cross-motions for summary judgment had been filed, the Superior Court of Baltimore City (Sodaro, J.) granted appellees' motion, and from that ruling this appeal is taken.

The facts are simple and undisputed. In recounting them, we shall make liberal use of the "Stipulation of

Facts" entered into between the parties. On March 24, 1969, Giese, who was employed at a location known as Sutton Place Apartments in the City of Baltimore, ·desired to visit his mother-in-law who was a patient at Maryland General Hospital. He asked Michael A. Taylor (Taylor), an employee of Maryland Management Company, which operated a parking garage in Sutton Place Apartments, to drive him to the hospital. Taylor, who knew Giese, agreed to do so, and used for that purpose an automobile belonging to Miss Lelia C. Walsh, a coworker of Giese. Neither Giese nor Taylor had obtained Miss Walsh's permission to use her automobile on that occasion; nor did either one "reasonably" believe that he had her permission to use the car.

Taylor drove Giese directly to the hospital, a distance of only five or six blocks, and, after having discharged him and while returning directly to his employer's garage, collided with an automobile occupied by appellees. As a result of that collision, they sustained personal injuries for which they filed suits against Miss Walsh, Giese, Taylor and their employers. The jury in that case returned verdicts in favor of appellees against Giese and Taylor in the total sum of $48,835.45, and also found that Taylor was acting as Giese's agent while returning the Walsh car to Sutton Place Apartments. Having denied that it covered Giese for this accident because he did not have permission to use the Walsh car, State defended the claim against him pursuant to a "reservation of rights;" and has declined to pay the judgment entered on the verdicts.

The dispute here focuses on the interpretation to be given the following provision in the policy issued to Giese by State, which we reproduce here in its exact typographical form:

**Persons Insured.** The following are insureds under Part I:
(a) with respect to the owned automobile,
   (1) the named insured and any resident of the same household,
   *(2)* any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and

(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a) (1) or (2) above;

(b) with respect to a non-owned automobile,
(1) the named insured,
(2) any relative, but only with respect to a private passenger automobile or trailer,
provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission of the owner and is within the scope of such permission, and
(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b) (1) or (2) above.

State bases its contention that the policy does not cover Giese in this case upon the argument that under the proviso in (b), the named insured [Giese] is only covered "with respect to a non-owned automobile" if "his actual operation . . . is with the permission, or reasonably believed to be with the permission, of the owner . . . ." And, it says, neither of those requirements is met here. In short, it urges upon us, as it did below, a construction whereby the proviso in (b) applies to both (b) (1) and (b) (2).

Appellees, on the other hand, argue with considerable force that the proviso applies only to (2) and thus the lack of either permission or a reasonable belief of permission in this case does not relieve State of its contract to insure Giese. Judge Sodaro agreed with this contention and held:

". . . that the unambiguous wording of the provisions covering 'Persons Insured' under Part I of the policy clearly demonstrates that the necessity for the 'person insured' to obtain the permission of the owner of a 'non-owned automobile' to operate the vehicle applies only to relatives of the insured."

In urging affirmance of the trial judge's decision, appellees, joined by Giese, rely upon two authorities: *McMichael v. American Insurance Company,* 351 F. 2d 665 (8th Cir. 1965) and *American Cas. Co. v. Aetna Cas.,* 251 Md. 677, 248 A. 2d 487 (1968).

State, on the other hand, relies upon the following cases for support: *Bright v. Ohio Casualty Insurance Company*, 444 F. 2d 1341 (6th Cir. 1971); *Gray v. International Service Insurance Company*, 73 N. M. 158, 386 P. 2d 249 (1963); *Harleysville Mut. Cas. Co. v. Nationwide Mut. Ins. Co.*, 248 S. C. 398, 150 S.E.2d 233 (1966) and *Indiana Lumbermen's M. Ins. Co. v. Hartford A. & I. Co.*, 454 S.W.2d 781 (Tex. Civ. App. 1970). Our own independent search has not revealed any additional authority that would be helpful. We think it will serve a useful purpose if, in reviewing the cases cited by the parties, we refer to them in their chronological order, with the exception of *American Cas. Co. v. Aetna Cas., supra,* which, for reasons that will become apparent, we shall discuss later. It should be stressed that the conclusion and reasoning in each of these cases must be considered in light of the precise language and typography employed in the insurance policy of that case.

In *Gray v. International Service Insurance Company, supra,* the facts leading to a declaratory judgment proceeding brought to determine liability under an insurance policy were substantially similar to those here, except that the "named insured" was operating a stolen vehicle. The pertinent part of the policy provided:

" '(b)  With respect to a non-owned automobile,
'(1)  the named insured,
'(2)  any relative, but only with respect to a private passenger automobile or trailer, provided the actual use thereof is with the permission of the owner;' "

In the face of contentions similar to those advanced here, the court, being of the opinion that "with respect to a non-owned automobile, permission for its use was made a condition of coverage as to both the named insured and to a relative of the named insured," held for the insurer.

In *McMichael v. American Insurance Company, supra,* where a declaratory judgment proceeding had also been

brought under circumstances similar to those here, the comparable provision in the policy read:

> " '(b) With respect to a non-owned automobile,
> (1) the named insured,
> (2) any relative but only with respect to a private passenger automobile or trailer,
> provided the actual use thereof is with the permission of the owner; * * *.' "

Concluding that the permission proviso did not apply to "(1) the named insured," and thus that lack of the owner's permission failed to relieve the insurer of liability under the policy, the court said:

> "We believe that the spacing argument relied upon by the plaintiff is an extremely thin thread upon which to base a contention *which deprives a named insured of coverage* which he has reason to believe he has bargained for. The wording of (b) (2) reads exactly the same, however it may be spaced. There is nothing in the record to indicate that the spacing is intentional rather than inadvertent.
>
> * * *
>
> "If coverage granted the named insured is to be restricted, we would expect to find the restriction in the exclusion clause. We find nothing in the exclusion clause of the present policy which contains any exclusion pertinent here." 351 F. 2d at 667-68 (emphasis added).

The *McMichael* court devoted considerable attention to *Gray, supra,* which was then the only case to have been decided that dealt with a "permission proviso," but it distinguished that case on the sole basis that the non-owned automobile used by the named insured there was stolen. We shall refer to *McMichael* again later in this opinion.

In *Harleysville Mut. Cas. Co. v. Nationwide Mut. Ins. Co., supra,* within a framework of facts and arguments basically similar to those presented here, Harleysville sought a declaration concerning its liability under a policy that provided:

**Persons Insured. The following are insureds under Part I:**
**(a)** With respect to the owned automobile,
   **(1)** the named insured and any resident of the same household,
   **(2)** any other person using such automobile, provided the actual use thereof is with the permission of the named insured;
**(b)** With respect to a non-owned automobile,
   **(1)** the named insured,
   **(2)** any relative, but only with respect to a private passenger automobile or trailer, provided the.actual use thereof is with the permission of the owner;
**(c)** Any other person or organization legally responsible for the use of
   **(1)** an owned automobile, or
   **(2)** a non-owned automobile, if such automobile is not owned or hired by such person or organization,
provided the actual use thereof is by a person who is an insured under **(a)** or **(b)** above with respect to such owned automobile or non-owned automobile.

In affirming a declaration against the insurer, the court said:

> ". . . The intention that the permissive use proviso should modify (b), (1) *and* (2) is found in the placement of the word 'provided,' not on the same margin as the word 'any' above it, but all the way out to the margin at the beginning of (b) under the word 'with.'
>
> "After studying the contract in the light of the argument, it is apparent that the draftsman intended that the placement of the word 'provided' should have the significance ascribed to it by counsel. We must conclude, however, that the device, in context, was inadequate for this purpose. In the printed policy, the location of the word 'provided' on the margin is so inconspicuous as to escape the attention of any save the most diligent and observant. The line above the proviso extends all the way to the right-hand margin and the line below it extends almost as

far. The lines are closely printed. There is no double spacing; nothing, as in (c), (2), to accent the shift in margin. Counsel cite in their brief some excellent textbook examples of the use of margins to achieve clarity in legal draftsmanship. In each instance, the spacing emphasizes the use of the device, and makes it conspicuous, in sharp contrast to this policy provision." 150 S.E.2d at 234 (emphasis in original).

We agree with State that the reasoning of the South Carolina court tends to support the position it takes before us, and that the court there would quite likely have reached a different result had it been dealing with a policy identical to the one here. The court went on to distinguish *Gray, supra,* on the basis that there the car operated by the named insured had been stolen.

In *Indiana Lumbermen's M. Ins. Co. v. Hartford A. & I. Co., supra,* however, the named insured became involved in a collision while driving a car that was not stolen, but, with respect to which he did not have permission of the owner. The opinion of the court indicates that the disputed policy provision was as follows:

" '(b)  with respect to a non-owned automobile,
'(1)  the named insured,
'(2)  any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation * * * is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission.' "

It may readily be seen that the typography there is more supportive of an interpretation that the permission proviso applied only to (b) (2), and not to "(1) the named insured." Yet, the Texas court, following a group of decisions that included *Gray, supra,* held that "the clause requiring permission of the owner in the Indiana Lum-

bermen's policy proviso applies to Brooks, the named insured." 454 S.W.2d at 785.

The most recently-decided case brought to our attention is *Bright v. Ohio Casualty Insurance Company, supra,* where the named insured (Hostetler) was driving a stolen automobile, and issues similar to those here were presented. The insurance policy in pertinent part read:

Persons Insured. The following are insureds under Part I;
(a) With respect to the owned automobile,
  (1) the named insured and any resident of the same household,
  (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;
(b) With respect to a non-owned automobile,
  (1) the named insured,
  (2) any relative, but only with respect to a private passenger automobile or trailer
  provided the actual use thereof is with the permission of the owner;
[A4285]

From a comparison with the policy in dispute here, it will be seen that the typography is basically the same, a barely-perceptible difference being that the "provided" line there appears to begin one space farther to the left than does the one in this case. What the court said in holding that the permission proviso applied to both (b) (1) and (2) bears repeating here:

". . . The configuration of this paragraph clearly indicates that the provision beginning with 'provided' applies to both (b) (1) and (b) (2). Consequently, under paragraph (b) both the 'named insured' (Hostetler) and 'any relative' are 'insureds' only while using a vehicle with the owner's permission. Appellants' argument that the 'provided' clause of paragraph (b) applies only to (b) (2) ignores the obvious differences in the physical relationship of the five lines located under the phrase 'With respect to a nonowned automobile.' The physical relationship of the words of a contract, like their meaning, must be considered in deriving the intent of the parties. The alignment of the 'pro-

vided' clause with the 'With respect to' provision rather than with the word 'trailer' indicates the intent of the parties that the owner's 'permission' should limit and qualify both (b) (1) and (b) (2)." 444 F. 2d at 1343.

Of equal interest is the distinction made between that policy and those dealt with in *McMichael* and *Harleysville,* both *supra.* Concerning *McMichael,* the court in *Bright* said:

"... the physical relationship of the 'provided' clause in *McMichael* differs markedly from that in Hostetler's policy. In *McMichael* the 'provided' limitation is aligned with the second and third lines of (b) (2). Here it is placed directly under the introduction of paragraph (b) and more clearly reflects an intention for the provision to apply to both (b) (1) and (b) (2)." 444 F. 2d at 1343.

And, in distinguishing *Harleysville, supra,* the same court said:

"Although the *Harleysville* policy is similar to that construed in *McMichael,* it is significantly different from the policy with which we are concerned. The 'provided' clause in *Harleysville* is so aligned that a careful reading of the policy does not disclose whether the clause applies only to (b) (2) or to both (b) (1) and (b) (2)." 444 F. 2d at 1344.

Somewhat chagrined, we turn now to our decision in *American Cas. Co. v. Aetna Cas., supra,* where we were also presented with a dispute over the application of a "permission proviso" to an accident in which the "named insured" was operating a vehicle without the owner's permission. Only a cursory reading of the pertinent policy provision quoted in our *opinion* there is necessary

to reflect a fundamental distinction from the policy here. According to our *opinion,* the policy read:

" 'Persons insured. The following are insureds under Part I:

\* \* \*

" '(b)   With respect to a non-owned automobile,
"(1)   the named insured
"(2)   any relative, but only with respect to a private passenger automobile or trailer provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and
"(3)   any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b) (1) or (2) above.' "

State tacitly concedes that if the permission proviso here were arranged as it ostensibly was in *American Cas. Co.,* it would not be pressing this appeal. Indeed, as we shall observe later, it argues with compelling force that, if anything, the *apparent* configuration coupled with the result there tends to buttress its argument here. The problem created by that case, however, stems from the disquieting revelation made at oral argument that the *American Cas. Co.* policy was not as depicted in our opinion, but was exactly the same as the one in this case. An exemplification of the policy there, taken from the circuit court records in that case, was furnished to us by joint agreement of the parties; and, indeed, it is identical in language and typography to the policy here. Such "surprise packages" go far to illustrate why "man is the only animal that blushes. Or needs to." [1]

---

1. Mark Twain, "Pudd'nhead Wilson's New Calendar," *Following the Equator* (1897).

In any event, we are confronted with the spectacle of State arguing that its basic contention in this case is supported by our reported *opinion;* and we find appellees urging with equal logic, by alignment of the result with the policy as it actually existed, that the case reinforces their position. This disclosure, as we see it, so thoroughly attenuates that part of *American Cas. Co.* which is relevant to this case, that we deem it advisable to write on a clean slate. To that extent, *American Cas. Co.* is hereby overruled.

We have outlined the holdings of all cases available on the issue presented to us; and, to the fullest extent possible, we have set forth the language and typography of the pertinent clause in the insurance policy dealt with in each case. We have done so—at the risk of belaboring this opinion—because our survey of the cases has made it plain to us that it all comes down to a matter of intention as reflected by the overall typography, especially the positioning of the permission proviso.

In our view, none of the cases considered by us disposes of the issue with greater clarity than *Bright, supra,* and we regard it as the best-reasoned and, therefore, the most persuasive authority. The two policies, in relevant part, are so much alike that, for our purposes, we may regard them as identical. We share the view expressed there that paragraph (b) is unambiguous in defining "insureds;" hence, it is unnecessary to apply the rules of construction so frequently enunciated by this Court in the insurance cases.

We are unpersuaded by the reasoning in *McMichael, supra,* since it is rather evident that the court there was, to a significant degree, concerned with "policy" considerations rather than a pure interpretation of the insurance contract. We do not agree with the view expressed there—and urged upon us by appellees—that restrictions, such as that reflected by the permission proviso, must be confined to the exclusion clause of the insurance policy.

Likewise, we disagree with the suggestion, found in *McMichael* and some of the other authorities, that the interpretation contended for by the insurer should, in all events, not apply if the non-owned car, although used without permission, is not stolen. Neither the policy here nor those considered in the other cases contain any language that supports a distinction made on that basis. The test to be applied under the unambiguous policy language is permission *vel non,* and nowhere is there expressed an intention to divide this requirement into different kinds or degrees. Furthermore, the record here—presented to us in stipulated form—indicates that both Giese and Taylor might well have committed the crime known as "larceny of the use of a motor vehicle," proscribed by Maryland Code (1957, 1971 Repl. Vol.) Art. 27, § 349; or the companion charge of "unauthorized use" prohibited by Code (1957, 1970 Repl. Vol.) Art. 66½, § 4-102.

In reading the definition of "persons insured," in light of the authorities reviewed earlier, we attach particular significance here to the following:

(i) The contrast between the arrangement of the disputed permission proviso applicable to "(b) . . . non-owned automobile" and that of the qualifying proviso in (a) (2). In the latter instance, the proviso, being intended to apply only to (2), is separated by only one space from the preceding part of (2); and the portion that is on the next line is aligned with the three lines above it; and

(ii) the contested permission proviso in (b) does not continue, separated by a single space, after the word "trailer;" and

(iii) the three lines of the permission proviso are aligned directly beneath the first word in "(b) with respect to a non-owned automobile." In fact, those three lines are the only ones in (a) or (b) that extend into the left-hand margin. As such, they are conspicuous and clear to the policyholder.

548

In sum, we conclude that the proviso requiring permission or a reasonable belief of permission in (b) applies to both (1) and (2). Therefore, since Giese was using a "non-owned" automobile with neither permission nor a reasonable belief of such permission, the coverage extended by the policy to him as the "named insured" is not available to him in this case.

> *Judgment for appellees reversed; judgment entered declaring that the policy of automobile insurance issued by State Automobile Mutual Insurance Company to Robert H. Giese does not afford him coverage for the accident of March 24, 1969, or for the judgments entered against him and Michael A. Taylor; appellees to pay costs.*