432 A.2d 596

**Richard I. COHEN**

v.

**ERIE INDEMNITY COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed May 29, 1981.

446

Charles P. Menszak, Jr., Philadelphia, for appellant.

Richard A. Weisbord, Philadelphia, for appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Appellant, Erie Indemnity Company, appeals from an Order entered by the lower court granting a Petition for Declaratory Judgment. The Judgment was sought by the Appellee, Richard I. Cohen, after the Appellant disclaimed

coverage under an automobile insurance policy for Cohen, who was the listed insured under the policy, after his involvement in an accident on January 1, 1975.

The essential facts are not in dispute. The Appellee was involved in the accident while operating a vehicle owned by his father. It was stipulated in the lower court that while the vehicle was not stolen, the Appellee did not have his father's permission to operate the vehicle at the time of the accident. The Appellee was the "named insured" in an automobile liability insurance policy which had been issued to him by the Appellant. The Appellant first disclaimed coverage by a letter dated September 17, 1975, which cited two sections of the insurance policy which are not relevant to the instant proceedings. Subsequent to the Appellee's filing of this action seeking to compel the insurer to extend coverage, the Appellant defended on the ground that the Appellee was not insured at the time of the accident because of the following clause of his insurance policy, which is set forth in its exact typographical form:

"The following are Insureds under Part I:

(b) with respect to a non-owned automobile,

(1) the named Insured,

(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission . . ."

In this appeal we are presented with the issue of whether the Appellee, a "named insured" was covered under the insurance policy in question when he was involved in an accident while driving a vehicle without the owner's express or implied permission. This issue must be resolved by reference to the above-quoted provision of the policy. The Appellee has argued in the lower court, and again on appeal, that the policy provision set forth above does not exclude coverage because the proviso clause pertains only to subsection (b)(2), and not to subsection (b)(1). In the alternative, the

Appellee has contended that the clause is ambiguous, and that such ambiguity must be resolved against the Appellant insurer. The Appellant contends that the policy provision is unambiguous in precluding coverage for the Appellee, the "named insured", as the operation of the vehicle was not with the permission of the owner.

The law is clear in our Commonwealth that where a contract of insurance is to be construed, any ambiguity in the language of the document is to be read in a light most strongly supporting the insured. *Mohn v. American Casualty Co. of Reading*, 458 Pa. 576, 326 A.2d 346 (1974); *Burne v. Franklin Life Insurance Co.*, 451 Pa. 218, 301 A.2d 799 (1973); *Adelman v. State Farm Mutual Automobile Insurance Co.*, 255 Pa.Super. 116, 386 A.2d 535 (1978). This Court has held that if it determined that the language of a policy prepared by an insurer is either ambiguous, obscure, uncertain or susceptible to more than one construction, the language must be construed most strongly against the insurer, and the construction most favorable to the insured must be adopted. See *Blocker v. Aetna Casualty & Surety Co.*, 232 Pa.Super. 111, 332 A.2d 476 (1975). It has also been held that if a policy is reasonably susceptible of two interpretations, it will be construed in favor of the insured in order not to defeat, without necessity, the claim to indemnity which the insured seeks to obtain. *Armon v. Aetna Casualty & Surety Co.*, 369 Pa. 465, 87 A.2d 302 (1952).

The question of the proper construction of the particular policy provision at issue in the present case appears to be a question of first impression in the appellate courts in Pennsylvania. However, both the Appellant and the Appellee cite several cases from other jurisdictions, each involving a question of coverage in situations in which very similar or identical insurance provisions were relied upon by insurers, seeking to avoid the extension of coverage to the insured. A brief review of some of these decisions is appropriate.

The Appellant insurer first cites the case of *Gray v. International Service Insurance Co.*, 73 N.M. 158, 386 P.2d 249 (1963). That case apparently represents the first appel-

late decision in which a similar provision in an insurance policy was considered. In *Gray*, the facts were similar to those presented in this case, except that the named insured was driving a stolen vehicle. The provision in that policy, similar to the one in dispute in this case, appeared as follows:

"(b) With respect to a non-owned automobile,

(1) the named insured,

(2) any relative, but only with respect to a private passenger automobile, or trailer, provided the actual use thereof is with the permission of the owner;"

The New Mexico Court reached the conclusion that permission for the use of a non-owned automobile was a condition of coverage as to both the "named insured" and to "any relative" of the named insured and held for the insurer. The Appellant also cites *Indiana Lumbermen's Mutual Insurance Co. v. Hartford Accident and Indemnity Co.*, 454 S.W.2d 781 (Tex.Civ.App. 1970). In that case, the named insured was involved in an accident while driving a car without the permission of the owner. The policy provision in dispute read as follows:

"The following are insureds:

(b) with respect to a non-owned automobile,

(1) the named insured,

(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation * * * is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission".

The Appellant points out that while the typography of that provision is more supportive of an interpretation that the permission proviso applied only to section (b)(2) and not to section (b)(1), the Texas Court nevertheless concluded that the proviso clause applied to both sections and held that the policy did not provide coverage because the owner did not give permission for the use of the vehicle at the time of the accident. The Appellant further relies upon the following cases, arguing that they also support its position in this case:

*Insurance Co. of North America v. Black,* 606 F.2d 650 (5th Cir. 1979); *State Automobile Mutual Insurance Co. v. Williams,* 268 Md. 535, 302 A.2d 627 (1973); and *Bright v. Ohio Casualty Insurance Co.,* 444 F.2d 1341 (6th Cir. 1971).

The Appellee also cites several analogous decisions which support his position in this case. He first directs this Court's attention to the decision of the Court of Common Pleas of Beaver County in the case of *Shaw v. Sabo & Buckeye Union Casualty Co.,* 43 D. & C.2d 645 (1967). The lower court in the *Shaw* case, viewing a policy provision containing similar but not identical phrasing and typography as is presented in the instant case, simply applied the rule of grammar that a limiting clause which follows several expressions is restricted to its last antecedent, and held that the proviso modified only the second subsection of the paragraph. The Appellee also relies upon the case of *McMichael v. American Insurance Co.,* 351 F.2d 665 (8th Cir. 1965), where the Court reviewed the following proviso:

"Persons Insured

The following are insured under Part I:

(a) With respect to the owned automobile,

(1) the named insured and any resident of the same household,

(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;

(b) With respect to a non-owned automobile,

(1) the named insured,

(2) any relative but only with respect to a private passenger automobile or trailer,

provided the actual use thereof is with the permission of the owner; * * *."

In *McMichael,* the United States Court of Appeals for the Eight Circuit held that the provision did not prevent coverage in a situation where a named insured did not have the owner's permission for the use of a vehicle the insured was driving at the time of an accident. The Federal Court, in reaching this conclusion, applied Missouri rules of insurance

contract construction similar to those existing in our Commonwealth. The Court, *inter alia*, found the provision noted above to be ambiguous with respect to coverage. The Appellee points out that the same result was reached by the Supreme Court of South Carolina in the case of *Harleysville Mutual Casualty Co. v. Nationwide Mutual Insurance Co.*, 248 S.C. 398, 150 S.E.2d 233 (1966), where the policy contained a provision quite similar to the one we are required to construe in the instant case.

Both of the parties to this appeal seek to convince this Court to adopt the reasoning and results reached in decisions by the several courts upon which each party relies, and to reject the holdings and reasoning of courts noted by the other party. However, it is clear that if we adopted such an approach, and chose one line of case decisions as opposed to the other, we would be engaged in a procedure yielding a result contrary to the prevailing Pennsylvania precedent noted earlier concerning the manner in which insurance contracts must be construed in our Commonwealth. The mere fact that several appellate courts have ruled in favor of a construction denying coverage, and several others have reached directly contrary conclusions, viewing almost identical policy provisions, itself creates the inescapable conclusion that the provision in issue is susceptible to more than one interpretation. In *Blocker v. Aetna Casualty and Surety Co., supra*, our Court was faced with a question of "stacking" of uninsured motorist coverages. Each of the parties to that appeal directed our attention to numerous decisions in other jurisdictions, involving similar issues and policy language, which supported the directly contradictory positions taken by the appellant and the appellee. Writing for the Majority, Judge Van der Voort stated:

Mindful of all of the above, we have concluded that the policy in question is clearly susceptible to two reasonably arguable interpretations. The large volume of cases, in this jurisdiction and others, cited by both parties to this appeal in support of their directly contradictory arguments, lends great weight to this conclusion. In this

situation, in which it cannot be maintained that ambiguity is non-existent, precedent requires that we must resolve the ambiguity in favor of the insured, and against the insurance company which prepared the policy. (citations omitted) 232 Pa.Super. at 116, 332 A.2d at 479.

Thus, in this case, as in *Blocker*, we are unwilling to select the rationale of one body of learned appellate courts rather than another. The very existence of two contrary schools of thought evidenced by the conflicting holdings in cases cited by both the Appellee and the Appellant is convincing in the conclusion that the clause in issue is ambiguous as to whether coverage is to be afforded under the fact situation presented. Such ambiguity, by itself, requires that we resolve the issue in favor of the Appellee, the insured driver.

By way of further support for this conclusion, we note that in its argument in support of reversal, the Appellant attempts to contrast the policy provisions held to be ambiguous in cases cited by the Appellee, with the contract language presented in the Appellant's policy. In doing so, the Appellant points out minimal printing differences in the indentation of margins, the alignment of the "provided" clause, and other spacing distinctions. While the physical relationship of the words of a contract, like the actual words, has importance in discerning the intent expressed in the contract, the minor distinctions cited by the Appellee are not persuasive to this Court. In this context, we agree with the thoughts expressed by Circuit Judge Van Oosterhout, in the Eight Circuit's *McMichael* decision, in dealing with a similar claim by the insurer in that case:

> We believe that the spacing argument relied upon by the [insurer] is an extremely thin thread upon which to base a contention which deprives a named insured of coverage which he has reason to believe he has bargained for. The wording of (b)(2) reads exactly the same, however it may be spaced. There is nothing in the record to indicate that the spacing is intentional rather than inadvertent. 351 F.2d at 667.

In the analysis of this appeal, we cannot ignore case precedent which holds that if the language of a disputed

clause in an insurance policy is couched in technical or unclear terms, and confusion as to coverage results upon reading the policy as a whole, the insurer should not be able to avoid coverage unless it establishes that the insured was aware of the exclusion.  See *Miller v. Prudential Insurance Co. of America*, 239 Pa.Super. 467, 362 A.2d 1017 (1976). There is no proof of such awareness by the Appellee in this case.

Appellant declares that the grammar and spacing used in the policy clearly precludes coverage here, but it is in fact only clear that the language in issue follows no well-recognized grammatical rules.  Elemental rules of sentence construction were totally ignored in the drafting of the clause upon which the Appellant relies.  Any student of law or composition assigned to draft language to accomplish the Appellant's goal of creating a clause to exclude coverage, in the situation presented in this case, would probably receive a failing grade if he presented the contract clause found in the Appellant's policy.  It would have been very easy for the Appellant to set forth its intent in a clear and succinct manner.  It certainly has not done so in this situation.

For all of these reasons, we affirm the Order of the lower court.