GOVERNMENT EMPLOYEES INSURANCE COMPANY, a District of Columbia corporation, Plaintiff-Appellant, *v.* MR. & MRS. JOHN FRANKLIN, individually and as Guardians Ad Litem for SHEILA FRANKLIN, minor, Defendants-Appellees, *v.* ELIZA GO and THOMAS GO, and THOMAS GO, Special Administrator of the Estate of CHARLOTTE GO, Deceased, and ELIZA GO, Intervenors-Appellees

NO. 8696

(CIVIL NO. 63031)

MAY 6, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ., AND CIRCUIT JUDGE HUDDY ASSIGNED TEMPORARILY

*Per Curiam.* Appellant Government Employees Insurance Company (GEICO) instituted a declaratory judgment action to have the lower court determine whether the GEICO policy issued to appellees, Mr. and Mrs. John Franklin, provided coverage for the Franklins' liability in a prior civil suit. Plaintiffs in the prior suit were allowed to intervene and filed a motion for summary judgment. The lower court granted the motion for summary judgment. After careful consideration, we affirm.

The facts of the prior civil suit are as follows: On June 30, 1979, the Franklins' minor daughter, Sheila Franklin, was involved in an automobile accident with two other minors. The three minors had operated a vehicle, which did not belong to the Franklins, in a common enterprise. The vehicle in fact belonged to the parents of one of the other minors. GEICO alleges that none of the minors had permission to use the car at the time of the accident. Intervenors-appellees, who were the injured parties in the prior suit, brought suit against the three minors and their parents. Judgment was rendered in the intervenors-appellees' favor for the amount of $313,035.05. The parents were held liable for the negligent acts of their minor children under HRS § 577-3 (1976)[1]. The Franklins were assessed one-third of the judgment amount.

The parties agree that the primary issue in this appeal involves the language found in the policy:

---

[1] HRS § 577-3 states in its pertinent part:

The father and mother of unmarried minor children shall jointly and severally be liable in damages for tortious acts committed by their children, and shall be jointly and severally entitled to prosecute and defend all actions in which the children or their individual property may be concerned.

Persons Insured: The following are insureds under Part I:

. . . .

(b) with respect to a non-owned automobile,

(1) the named insured,

(2) any relative, but only with respect to a private passenger automobile or trailer, *provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission,* and

(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b) (1) or (2) above.

(emphasis added).

GEICO's position is that the proviso (underlined) applies to both subsections (b) (1) and (b) (2). The intervenors' and the Franklins' position is that the proviso only applies to subsection (b)(2).

The courts are split on this issue and have relied quite heavily on the typographical placement in varying insurance policies with similar provisos. The following are cases which have construed the proviso to apply to (b)(2) only: *McMichael v. American Insurance Co.,* 351 F.2d 665 (8th Cir. 1965); *Government Employees Insurance Co. v. Kinyon,* 119 Cal.App.3d 213, 173 Cal.Rptr. 805 (1981); *Government Employees Insurance Co. v. Donald,* 271 So.2d 189 (Fla.App. 1972); *United Services Automobile Ass'n v. Crandall,* 95 Nev. 334, 594 P.2d 704 (1979); *Cohen v. Erie Indemnity Co.,* 288 Pa. Super. 445, 432 A.2d 596 (1981); *Harleysville Mutual Casualty Co. v. Nationwide Mutual Insurance Co.,* 150 S.E.2d 233 (S.C. 1966). The following are cases which have found the proviso to apply to both (b)(1) and (b)(2): *Insurance Co. of North America v. Black,* 606 F.2d 650 (5th Cir. 1979); *Bright v. Ohio Casualty Insurance Company,* 444 F.2d 1341 (6th Cir. 1971); *Swanson v. Comeaux,* 296 So.2d 267 (La. 1974); *State Automobile Mutual Insurance Co. v. Williams,* 268 Md. 535, 302 A.2d 627 (1973); *Gray v. International Service Insurance Com-*

*pany,* 73 N.M. 158, 386 P.2d 249 (1963); *Indiana Lumberman's Mutual Insurance Co. v. Hartford Accident & Indemnity Co.,* 454 S.W.2d 781 (Tex. Civ.App. 1970).

We are not persuaded by the authorities cited by GEICO.

Ambiguity is said to exist when there is doubt as to the meaning of written words. *See State v. Palama,* 62 Haw. 159, 612 P.2d 1168 (1980); *State v. Sylva,* 61 Haw. 385, 605 P.2d 496 (1980).

The placement of the proviso provision without question leaves doubt as to whether it modifies both subsections or merely the latter.

We hold that because an ambiguity exists, the question of coverage is to be liberally construed in favor of the insured. *State Farm Mutual Automobile Insurance Co. v. Bailey,* 58 Haw. 284, 568 P.2d 1185 (1977); *Masaki v. Columbia Casualty Co.,* 48 Haw. 136, 395 P.2d 927 (1964); *St. Paul Fire and Marine Insurance Co. v. Hawaiian Insurance & Guaranty Co.,* 2 Haw. App. 595, 637 P.2d 1146 (1981); *Standard Oil Co. of California v. Hawaiian Insurance & Guaranty Co.,* 2 Haw. App. 451, 634 P.2d 123 (1981).

As to the other issue on appeal, we find it is without merit.

Affirmed.

*Dawn S. Candon (Anthony Y. K. Kim* and *Jeffrey T. Ono* with her on the briefs; *Hamilton, Gibson, Nickelsen, Rush & Moore)* for the plaintiff-appellant.

*Henry N. Kitamura (Raymond J. Tam* and *Roy K. S. Chang* with him on the brief; *Shim, Sigal, Tam & Naito* of counsel) for intervenors-appellees.

Joinder in Answering Brief of Intervenors-Appellees:

*Charles B. Dwight, III* and *Paul Aoki; Ashford & Wriston* of counsel for defendants-appellees.