## Masters, Appellant, *v.* Celina Mutual Insurance Company.

112

Argued November 14, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Maurice Levinson,* for appellant.

*Glenn McCracken, Jr.,* with him *Braham & Mitsos,* for appellee.

OPINION BY MONTGOMERY, J., December 16, 1966:

In an action of assumpsit appellant-plaintiff sought to recover on a manufacturer's and contractor's liability policy of insurance an amount of money for

which he had become liable by reason of the total destruction of a derrick which he had contracted to move for a third party at a stone quarry. The derrick fell and was totally destroyed when the cable on plaintiff's crane snapped during the movement. Judgment on the pleadings having been entered for the defendant this appeal by plaintiff followed.

The policy issued by appellee-defendant insured the plaintiff in coverage B against property damage liability "caused by accident and arising out of the hazards hereinafter defined." The initial definition of hazard includes, inter alia, "The ownership, maintenance or use of premises, and all operations." However, under "Exclusions", paragraph (1), it is provided that the policy does not apply to the injury to or destruction of "(3) . . . property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control. . . ."

The lower court held that this clause excluded from the policy any liability to pay for the damage to the derrick, because it was "property in the care, custody or control of the insured" at the time it was demolished. This interpretation of the contract is supported by *International Derrick & Equipment Company v. Henry R. Buxbaum and Coal Operations and Casualty Company*, 240 F. 2d 536 (3d Cir. 1957).

The foregoing interpretation of exclusion (1) is not seriously questioned by the plaintiff. The thrust of his argument is that exclusion (1) has been modified by other provisions of the policy, particularly by exclusion (n) and the reference to it in part two of the policy. Exclusion (n) reads as follows:

"This policy does not apply:" to

"(n) under coverage B, with respect to division 1 of the Definition of Hazards, to injury to or destruction of any property arising out of (1) blasting

or explosion, other than the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment, or (2) the collapse of or structural injury to any building or structure due (a) to grading of land, excavation, borrowing, filling, back-filling, tunneling, pile driving, coffer-dam work or caisson work, or (b) to moving, shoring, underpinning, raising or demolition of any building or structure or removal or rebuilding of any structural support thereof; *provided, however, part (1) or part (2) of this exclusion does not apply to operations stated, in the declarations or in the company's manual, as not subject to such part of this exclusion;"*. (Emphasis supplied.)

Part two of the policy contains the declarations and under the description of hazards it is stated:

"IRON OR STEEL ERECTION N.O.C.

NOT SUBJECT TO EXCLUSIONS N & O"[5057]

Defendant asserts that this exception from the exclusion of paragraph (n) applies only to iron and steel erection jobs. Plaintiff on the other hand asserts that "Not Subject to Exclusions N & O" does not modify "Iron or Steel Erection N.O.C. 5057", but completely nullifies said exclusions (n) and (o), thereby creating an ambiguity in (1), the benefit of which should be given to the insured, citing inter alia, *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company*, 385 Pa. 394, 123 A. 2d 413 (1956).

This Court sees no ambiguity in this policy. The words "not subject to exclusion N & O" were written into the declaration to comply with the provisions of exclusions (n) and (o) to the effect that "this exclusion does not apply to operations stated, in the declarations or in the company's manual, as not subject to such part of this exclusion." For this reason the only meaning to be attached to the words is that in iron

and steel erections exclusions (n) and (o) do not apply, leaving them applicable to all other operations described therein.

We find nothing in this policy to nullify or modify exclusion (1) or otherwise to cover the operations being conducted when the derrick was destroyed. Plaintiff argues that the derrick was a structure as used in exclusion (n) but we need not decide that question since (n) excludes movements of all types of structures except, as previously discussed, when the operation constituted "Iron or Steel Erection". If the derrick is considered as personalty it is a product or goods covered by exclusion (1) since it was being handled by the named insured. Therefore it was not covered by the policy under either description.

This interpretation follows the rule that requires all provisions of an insurance contract to be read together and construed according to the plain meaning of the words involved, so as to avoid ambiguity while at the same time giving effect to all of its provisions. *Newman v. Massachusetts Bonding and Insurance Company*, 361 Pa. 587, 65 A. 2d 417 (1949); *Burns v. Employers' Liability Assurance Corporation, Limited*, 205 Pa. Superior Ct. 389, 209 A. 2d 27 (1965).

The court below properly entered judgment on the pleadings for the defendant.

Judgment affirmed.