**Kozlowski v. Penn Mutual Insurance Company**

*David L. Marshall*, for plaintiff.
*Joyce E. Pollock*, for defendant.

TAKIFF, *J.*, July 20, 1979—Presently before the court is a petition for declaratory relief on behalf of plaintiff Josephine Kozlowski. The facts have been stipulated by the parties as follows:

Plaintiff purchased a homeowner's insurance policy from defendant Penn Mutual Insurance Co., with coverage commencing on May 25, 1978. On August 3, 1978, the curb valve at the water main to the service line leading to the row house adjacent to plaintiff's house burst, releasing water which seeped into and flooded plaintiff's basement. Plaintiff filed a claim for her property loss with defendant on August 17, 1978, and on August 24 was notified that the claim was disallowed as not covered under the terms of the insurance policy.

Paragraph 15 of the policy, a standard form identified as an HO-3 contract, contained the following provision:

"This policy insures against direct loss to the property covered by the following perils as defined and limited herein: . . . 15. Accidental discharge, leakage or overflow of water or steam from within a plumbing, heating or air conditioning system or from within a domestic appliance but excluding loss to the appliance from which the water or steam escapes. This peril does not include loss caused by or resulting from freezing."

Plaintiff avers that the loss she suffered as a result of the water from the burst valve is covered

under the quoted paragraph 15, claiming the damage was clearly caused by an "accidental discharge, leakage . . . of water . . . from within a plumbing . . . system," albeit the plumbing system of a property other than the one subject of the policy. Defendant, in support of its disclaimer, contends that the plumbing system referred to in paragraph 15 refers to the plumbing system on the insured property alone.

Plaintiff asserts that if paragraph 15 is ambiguous it should be construed against the insurer in favor of coverage. Defendant denies any ambiguity and contends that it clearly and explicitly does describe the risk for which coverage was provided.

## DISCUSSION

The interpretation of an insurance policy, like the interpretation of any contract, is principally a matter of law for the court: Adelman v. State Farm Mutual Automobile Ins. Co., 255 Pa. Superior Ct. 116, 386 A. 2d 535 (1978); Blocker v. Aetna Casualty and Surety Co., 232 Pa. Superior Ct. 111, 332 A. 2d 476 (1975). If the language of the insurance policy is ambiguous, obscure, or susceptible to greater than one reasonable interpretation, it is to be construed most strongly against the insurer and most favorably to the insured: Penn-Air, Inc. v. Indemnity Ins. Co. of North America, 439 Pa. 511, 269 A. 2d 19 (1970); Adelman v. State Farm Mutual Automobile Ins. Co., supra. However, courts cannot rewrite an insurance agreement or construe otherwise clear and unambiguous language to mean other than what it says. An insurance policy must be given a reasonable and normal interpretation: Great American Ins. Co. v. State Farm Mutual Automobile Ins. Co., 412 Pa. 538,

541, 194 A. 2d 903 (1963); Adelman v. State Farm Mutual Automobile Ins. Co., supra.

Plaintiff's contention that "plumbing system," as it appears in this standard homeowner's insurance policy, has a meaning other than identification of the plumbing system of the insured dwelling is without merit. No case is cited by plaintiff, nor have we been able to find any, to support her contention that the phrase "within a plumbing . . . system" embraces a plumbing system off the insured premises. To the contrary, the conclusion we have reached is supported by Fine v. Underwriters of Lloyd's London, 239 F. 2d 362 (3d Cir. 1956), in a substantially similar factual situation. We reject plaintiff's attempt to distinguish the policy in Fine, which speaks of "the" plumbing system, from the policy before us in this case, which speaks of "a" plumbing system, as an exercise in semantics without substance. Nor do we find any case law to support plaintiff's contention that the decision in Fine is an incorrect statement of Pennsylvania law.

A reading of the subject insurance policy as an entirety leads to the conclusion that it was meant to insure the plaintiff only against water damage caused by sources directly within or appurtenant to her home. Thus, paragraph 15 excludes coverage for water damage "caused by or resulting from freezing," an external source. Similarly, under Additional Exclusions paragraph 1 provides:

"This policy does not insure against loss: . . . 1. caused by, resulting from, contributed to or aggravated by any of the following: a. flood, surface water, waves, tidal water, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not: b. water which backs up through sewers or drains;

or c. water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls, or floors; unless loss by fire or explosion ensues, and this Company shall then be liable only for such ensuing loss but these exclusions do not apply to loss by theft."

Of particular significance is paragraph 1(c) of the quoted provision which excludes coverage for damage caused by "water below the surface of the ground including that which . . . seeps or leaks through . . . foundations, walls, basement . . . ." If we are to accept plaintiff's proposition that the plumbing system referred to need not necessarily be the one of the insured property, we would have to ignore the correlative paragraph 1(c) which unequivocally excludes coverage for water seeping through the walls into her basement from under the ground. A fundamental rule of construction is that all provisions of a contract are to be read together and construed according to their clear meaning so as to avoid any ambiguity while at the same time *giving effect to all of its provisions*: Blocker, supra, at 114; Masters v. Celina Mutual Ins. Co., 209 Pa. Superior Ct. 111, 115, 224 A. 2d 774 (1966). Furthermore, it has been held that exclusions specifically stated in an insurance policy that do not contradict but directly restrict the coverage, strictly limit the coverage: Al Berman, Inc. v. Aetna Casualty & Surety Co., 216 F. 2d 626 (3d Cir. 1954).

Because plaintiff's loss was not occasioned by the accidental discharge of a plumbing system on the insured's premises within the meaning of Paragraph 15, but was caused by subsurface seepage

within the meaning of the exclusions, no coverage exists under the policy of insurance.

## ORDER

And now, July 20, 1979, upon consideration of the petition for declaratory relief, the answer thereto and oral argument held July 9, 1979, it is hereby ordered and decreed that the loss sustained by plaintiff is not a peril insured against in the policy of insurance and no coverage exists for the loss sustained.