J-A15045-14

2014 PA Super 192

| TIMOTHY AND DEBRA CLARKE, H/W, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| MMG INSURANCE COMPANY AND F. FREDERICK BREUNINGER & SON, INSURANCE, INC. | |
| Appellees | No. 2937 EDA 2013 |

Appeal from the Order Entered August 1, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 03407

BEFORE:  PANELLA, LAZARUS AND JENKINS, JJ.

OPINION BY JENKINS, J.                    **FILED SEPTEMBER 04, 2014**

Appellants Timothy and Debra Clarke appeal from the order entered in the Philadelphia Court of Common Pleas denying their motion for partial summary judgment and granting MMG Insurance Company's ("MMG Insurance") cross-motion for partial summary judgment.[1] We vacate and remand for further proceedings.

On April 16, 2012, Plaintiff-Appellant Timothy Clarke suffered serious and permanent injuries in a motor vehicle accident. Mr. Clarke was driving his motorcycle when a car turned in front of him, causing a collision that

_____

[1] F. Frederick Breuninger & Son, Insurance, Inc. is not a party to this appeal.

threw him from his motorcycle. Mr. Clarke suffered multiple injuries and was placed on life support for eleven days at Paoli Memorial Hospital. He underwent multiple surgical procedures before his release.

At the time of the accident, Mr. Clarke had two motor vehicle insurance policies in effect. American Modern Select Insurance Company issued the first for the motorcycle, and MMG Insurance Company issued the second for Mr. Clarke's two automobiles—not his motorcycle. Appellants had underinsured motorist ("UIM") coverage for the motorcycle through the American Modern Select Insurance policy. Mr. Clarke received payments of $25,000 from American Modern Select Insurance Company for his motorcycle policy and $100,000 from the other driver's insurance company. Those payments, however, proved insufficient to cover Mr. Clarke's financial losses from the accident.

Appellants then sought coverage under their insurance policy issued by MMG Insurance Co. — specifically under the UIM coverage clause, which provided coverage in the amount of $300,000 per accident. MMG Insurance, however, denied the UIM claim, based on the "Household Exclusion" clause. MMG Insurance asserted that the Household Exclusion clause precluded coverage because the motorcycle involved in the accident was not a covered vehicle under the MMG Insurance policy, which only covered two automobiles owned by Appellants.

On October 24, 2012, Appellants filed their initial complaint and, on December 27, 2012, filed an amended complaint. Appellants' amended complaint named MMG Insurance Company and F. Frederick Breuninger & Son Insurance, Inc. ("Breuninger Insurance") as defendants. The amended complaint sought declaratory relief against MMG Insurance (count I) and asserted claims of breach of contract (count II), negligence (count III), and breach of warranty (count IV) against both MMG Insurance and Breuninger Insurance.

On March 5, 2013, Appellants filed a motion for partial summary judgment on their claim for declaratory relief against MMG Insurance. MMG Insurance opposed the motion and, on April 3, 2013, filed a cross-motion for partial summary judgment. On April 16, 2013, the trial court denied both parties' motions. On April 25, 2013, Appellants filed a motion for reconsideration. On May 16, 2013, MMG Insurance opposed Appellant's motion for reconsideration. On August 1, 2013, upon a second review,[2] the trial court denied Appellants' motion for reconsideration (and thus also their partial summary judgment motion) and granted Appellee MMG Insurance's cross-motion for partial summary judgment.

_____

[2] On June 20, 2013, the trial court marked Appellants' motion for reconsideration "moot." After a case management conference with the trial court, the parties stipulated to vacate the June 20, 2013 order and place Appellants' motion for reconsideration before the trial court for its determination again.

The trial court denied Appellants' motion on the grounds that "the policy language of the Household Exclusion clause clearly and unambiguously excludes the coverage sought by [Appellants], and because the Order is consistent with Pennsylvania public policy regarding Household Exclusion clauses." Trial Court Opinion, 12/30/13, at 4.

On September 12, 2013, Appellants filed a praecipe to settle, discontinue, and end all remaining claims against MMG Insurance and Breuninger Insurance.[3] On the same day, Appellants filed a timely notice of appeal. Both Appellants and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[4]

Appellants raise the following issues for our consideration:

1. Where the language of the policy agreement between Appellee MMG Insurance Company and Appellants clearly and unambiguously excludes underinsured motorist coverage only where the injury is sustained while occupying a vehicle that has no underinsured motorist coverage, did the [t]rial [c]ourt err as a matter of law when it concluded MMG Insurance Company did not owe the Appellants underinsured motorist coverage for injuries

_____

[3] The remaining claims were as follows: breach of contract (count II), negligence (count III), and breach of warranty (count IV) against both MMG Insurance and Breuninger Insurance.

[4] On October 18, 2013, the trial court ordered Appellants to file a statement of matters complained of on appeal within twenty-one days. On November 4, 2013, Appellants submitted their statement. On December 30, 2013, the trial court submitted its 1925(a) opinion.

sustained while occupying a vehicle which had underinsured motorist coverage?

2. Where the terms of an underinsured motorist exclusion used by MMG Insurance Company excluded coverage only for injuries that occurred in a vehicle that was not covered for underinsured motorist coverage, was it error for the [t]rial [c]ourt, in determining the intent of the parties to the agreement, to ignore the different language used by the insurer in the exclusion for uninsured motorist coverage which, by its terms, excluded coverage if the injuries occurred in a vehicle which was not covered for uninsured motorist coverage under the MMG Insurance policy, and therefore the [c]ourt erred in its determination that Appellee MMG Insurance Company owed no underinsured motorist coverage to Appellants who were injured while occupying a vehicle which had underinsured motorist coverage?

3. In determining the intent of the policy agreement between Appellee MMG Insurance Company and Appellants, did the [t]rial [c]ourt err in examining and relying upon public policy rather than the plain language of the policy agreement, and therefore err in its determination that Appellee MMG Insurance Company owed no underinsured motorist coverage to Appellants who were injured while occupying a vehicle which had underinsured motorist coverage?

4. In the alternative, did the [t]rial [c]ourt err as a matter of law in denying Appellants' Motion for Partial Summary Judgment and granting the Appellee MMG Insurance Company's Cross-Motion for Partial Summary Judgment when it failed to construe the ambiguous language in the underinsured motorist coverage provision of the policy in favor of

Appellants, which would entitle the Appellants to underinsured motorist coverage under their MMG Insurance Company policy?

Appellants' Brief at 5-6.

The interpretation of an insurance contract is a question of law. ***United Services Auto. Assoc. v. Elitzky***, 517 A.2d 982, 986 (Pa.Super.1986), *appeal denied*, 528 A.2d 957 (Pa.1987). The standard of review of questions of law is *de novo*, and the scope of review is plenary. ***Genaeya Corp. v. Harco Nat'l Ins. Co.***, 991 A.2d 342, 346 (Pa.Super.2010) (citing ***Buffalo Twp. v. Jones***, 813 A.2d 659, 666 n.8 (Pa.2002)). Thus, in interpreting a contract, this Court need not defer to the trial court. ***United Services Auto. Assoc.,*** 517 A.2d at 986.

Appellants' first two issues ask this Court to interpret the exclusionary language of the UIM Coverage provision in their insurance policy agreement with MMG Insurance. In their first issue on appeal, Appellants argue the language of the policy clearly and unambiguously covers Mr. Clarke's injuries sustained from the underinsured motorcycle involved in the accident up to $300,000.00. In their second issue on appeal, Appellants assert that the trial court erred in its interpretation of the policy by failing to give effect to all of its language. Specifically, Appellants allege the trial court erred when it treated the different exclusionary language used by the insurer in the Uninsured Motorist ("UM") coverage provision, which was not present in the UIM coverage provision, as surplusage. We agree.

When the language of a policy is clear and unambiguous, the court is bound to give effect to the policy and cannot interpret the policy to mean anything other than "what it says." ***Nationwide Mut. Ins. Co. v. Cummings***, 652 A.2d 1338, 1342 (Pa.Super.1994) (internal citations omitted). The "goal [of the Court in] interpreting an insurance policy . . . is to determine the intent of the parties as manifested by the language of the policy." ***Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.***, 908 A.2d 888, 897 (Pa.2006) (internal citations omitted). Disputes over coverage must be resolved only by "reference to the [] provisions of the policy" itself. ***Cohen v. Erie Indem. Co.***, 432 A.2d 596, 597 (Pa.Super.1981).

An insurance policy must be read as a whole, and not "in discrete units." ***Luko v. Lloyd's London***, 573 A.2d 1139, 1142 (Pa.Super.1990). Therefore, the two exclusions must be read together and construed according to the meaning of their words, "while at the same time giving effect to all of [the policy's] provisions." ***Masters v. Celina Mut. Ins. Co.***, 224 A.2d 774, 776 (Pa.Super.1966).

"Our rules of construction do not permit words in a contract to be treated as surplusage . . . if any reasonable meaning consistent with the other parts can be given to it." ***Tenos v. State Farm Ins. Co.***, 716 A.2d 626, 631 (Pa.Super.1998). Indeed, if the court is "forced to choose between two competing interpretations of an insurance policy, we are bound, as a

matter of law, to choose the interpretation which allows us to give effect to all of the policy's language." ***Millers Capital Ins. Co. v. Gambone Bros. Dev. Co.***, 941 A.2d 706, 716 (Pa.Super.2007), *appeal denied*, 963 A.2d 471 (Pa.2008). A principle frequently applied as an aid in arriving at the policy's intention is that the mention of one thing implies the exclusion of another thing. ***See Rimpa v. Erie Ins. Exchange***, 590 A.2d 784, 787-90 (Pa.Super.1991) (interpreting the language of a statute) (citing ***Omodio v. Aetna Life and Cas.***, 559 A.2d 570 (Pa.Super.1989)).

Here, the trial court disregarded the clear and unambiguous language of the UIM exclusion in the policy agreement when read in the context of the agreement as a whole. It also did not apply well-developed and fundamental principles of contractual interpretation or rules of construction.

To ascertain the intent of the parties to the policy agreement, we must examine the language of the insurance policy agreement as a whole, which requires reading the UIM exclusion and the UM exclusion together, and construing the words according to their reasonable meaning within the policy. ***See Millers Capital Ins. Co.***, 941 A.2d at 716; ***Masters***, 224 A.2d at 776. The UIM coverage section excludes coverage for injuries sustained in vehicles "not insured for this coverage."[5] A plain reading of the UIM

_____

[5] Appellants paid for UIM coverage under this policy. The policy included the following exclusion to UIM coverage:

*(Footnote Continued Next Page)*

exclusionary language, standing alone, dictates coverage. The vehicle that Mr. Clarke was occupying was "insured for this coverage" because Appellants had UIM coverage for the motorcycle through a separate insurance policy issued by American Modern Select Insurance.

When the MMG Insurance policy, including the UM exclusion language, is examined as a whole, it becomes apparent that the decision to deny coverage was premised on a misreading of the terms of the UIM exclusion. The UIM exclusion provision relied upon by MMG Insurance to deny coverage is actually missing exclusionary language that appears elsewhere in the MMG Insurance policy (namely, the UM exclusion provision). The trial court opined, "[the] policy, when read as a whole, clearly and unambiguously shows the intent of the parties to provide UIM coverage only for the two

*(Footnote Continued)* _____

EXCLUSIONS

\* \* \*

A. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:

1. By you while "occupying", or when struck by, any motor vehicle you own which is not insured **for this coverage.** This includes a trailer of any type used with that vehicle.

2. By a "family member who owns an auto, while "occupying", or when struck by, any motor vehicle owned by you or any "family member" which is not insured **for this coverage.** This includes a trailer of any type used with that vehicle.

Appellants' Brief at 15-16 (emphasis added in brief).

covered automobiles [listed on the MMG Insurance policy] and not for any other vehicles, such as the motorcycle." This reasoning, however, undermines the plain language of the exclusion, which does not require that the insured maintain the UIM coverage under the MMG insurance policy. **See Cummings**, 652 A.2d at 1342.

Any potential ambiguity implicated by the phrase "for this coverage" – specifically, whether it refers to UIM coverage through any insurer or UIM coverage under the particular policy – is resolved when viewed in light of the language of the UM exclusion in the same policy. The UM coverage clause excludes coverage for injuries sustained in vehicles "not insured for this coverage **under this policy**."[6] Thus, the lack of the phrase "under this

_____

[6] When the MMG Insurance Co. policy is examined as a whole, and the UIM exclusion is compared to other exclusions — namely, the UM exclusion — the distinction is apparent. The UM exclusion explicitly states that coverage does not extend to vehicles covered for UM coverage "under this policy."

EXCLUSIONS

* * *

A. We do not provide Uninsured Motorist Coverage for "bodily injury" sustained:

1. By an "insured" while "occupying", or when struck by, any motor vehicle owned by that "insured" which is not insured **for this coverage under this policy**. . . . .

2. By any "family member" while "occupying", or when stuck by, any motor vehicle you own **which is insured for this coverage on a primary basis under any other policy.**

*(Footnote Continued Next Page)*

policy" in the UIM exclusion clause when read in the context of the exclusionary language of UM coverage and, thus, the policy as a whole, dictates coverage because the motorcycle was insured for UIM coverage through another insurer. **See Rimpa**, 590 A.2d at 787-90.

Further, the missing language "under this policy" confirms that MMG Insurance understood how to exclude coverage for injuries occurring in vehicles not insured by MMG Insurance, and confirms that the policy intended to include UIM coverage as long as the Clarkes maintained first-tier UIM coverage through any insurer. Specifically, and in distinction to the UIM exclusions, the exclusions for UM coverage state that the policy only covered vehicles which were both "insured for this coverage" and when that coverage was "under this policy."

The phrase "under this policy" is not mere surplusage. If the UIM and UM exclusions were intended to have the same meaning, they would have the same language. **See Cohen v. Erie Indem. Co.**, 14 Pa. D.&C. 3d 444, 448 *affirmed*, 432 A.2d 596 (Pa.Super.1981) (insurance policy subsections would be similarly phrased if their intention were the same); **Farmers Ins. Co. of Washington v. U.S.F. & G. Co.,** 537 P.2d 839, 842 (1975) (same); *cf* 101 Pa.Code § 15.141(b)(5) (guidelines for choice of words and phrases

_(Footnote Continued)_ ────────────

Appellants' Brief at 16-17 (emphasis added in brief).

in legislative drafting) ("[u]se the same word throughout if the same meaning is intended and do not use the same word to denote different meanings"). The exclusions do not have the same words; there is an additional element included in the UM exclusion. Thus, the parties did not intend the exclusions to have the same meaning. The parties utilized the phrase "for this coverage" and did not include the specific exclusionary language "under this policy", and thereby purposefully excluded that term from the UIM household exclusion. The parties, therefore, intended to provide coverage if a first-tier UIM policy existed. Because Appellants contracted with another insurer for first-tier UIM insurance, a determination that they were also covered for UIM insurance under this policy gives effect to all of the language contained in the policy agreement.

Further, under the contractual interpretation maxim that the "mention of one thing implies the exclusion of another", a court may not add language to a provision, particularly where the language was contained in a separate provision but excluded from the provision at hand. *See Madison Constr. Co. v. The Harleysville Mut. Ins. Co.*, 144, 678 A.2d 802, 806 (Pa.Super.1996), *affirmed*, 735 A.2d 100 (Pa.1999). The trial court's interpretation of the policy added new, extrinsic language to the MMG Insurance policy—namely "under this policy" to the UIM exclusion. This was error.

Not only is the UIM exclusion different from the UM exclusion, the UIM exclusion is also different from the language typically used in insurance policies to disclaim coverage for vehicles not listed in the policy. "It is important to distinguish [an insurer-defendant's] exclusionary provision from [] exclusion provisions found in many other insurance policies." *Madison Constr. Co.*, 678 A.2d at 805. Pennsylvania courts have upheld household exclusions which specifically stated that the coverage is excluded for motor vehicles not insured for "coverage under this policy." *See, e.g., Erie Ins. Exch. v. Baker*, 601 Pa. 355, 972 A.2d 507 (Pa.2009). In all of the cases that upheld a household exclusion, the critical language — "under this policy" — merited the denial of UIM coverage and guided the court's interpretation of the policy as clearly and unambiguously excluding coverage. *Id*. In contrast, the MMG Insurance policy, by its plain language, does not exclude coverage for vehicles not covered for UIM coverage under that policy. Instead, the MMG Insurance policy excluded coverage for vehicles which did not maintain any UIM coverage under any policy. Because Appellants maintained first-tier UIM coverage through American Modern Select Insurance, they are entitled to UIM coverage under their second-tier MMG Insurance policy.

In their third issue on appeal, Appellants allege the trial court erred in examining and relying upon public policy rather than the plain language of the policy agreement. We agree.

"[W]hen the question is one of contract interpretation, public policy arguments are irrelevant." ***Municipality of Mt. Lebanon v. Reliance Ins. Co.***, 778 A.2d 1228, 1232 (Pa.Super.2001). Public policy concerns are always secondary to the "clear and unambiguous [terms of a] contract," which "must be given its plain meaning...." ***Eichelman***, 551 Pa. at 564, 711 A.2d at 1008. Courts are bound to give effect to clear contractual terms and only examine public policy when enforcement of those terms "would be contrary to a clearly expressed public policy." ***Prudential Prop. & Cas. Ins. Co. v. Colbert***, 813 A.2d 747, 752 (Pa.2002). By looking to public policy as a component of its interpretation of the MMG Insurance policy itself, the trial court failed to read, interpret, and apply the policy as it was written.

In ***Prudential v. Colbert***, 813 A.2d 747, 752 (Pa.2002), the Court examined public policy concerns only after the plain meaning of the policy exclusion justified a denial of coverage. ***Id***. (there was "no dispute that, as a matter of contract interpretation, the ... policy exclusion would justify [the insurer] in denying coverage"). Here, as discussed above, the plain meaning of the policy exclusion is clear and unambiguous, and thus must be given effect.

In their fourth issue on appeal, Appellants assert, in the alternative, that the language of the UIM exclusion creates ambiguity that requires the Court to construe the policy language against MMG Insurance. Because we

find the exclusionary language of the UIM coverage provision clear and unambiguous, it is unnecessary to address this issue.

Order **vacated**. Case **remanded**. Jurisdiction **relinquished**.

Judge Lazarus joins the Opinion.

Judge Panella files Dissenting Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/4/2014