J-A15045-14

2014 PA Super 192

| TIMOTHY AND DEBRA CLARKE, H/W | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| MMG INSURANCE COMPANY AND F. FREDERICK BREUNINGER & SON, INSURANCE, INC. | |
| Appellees | No. 2937 EDA 2013 |

Appeal from the Order Entered August 1, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 03407

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

DISSENTING OPINION BY PANELLA, J.:          **FILED SEPTEMBER 04, 2014**

My esteemed colleagues in the Majority reverse the trial court's grant of summary judgment, concluding that the clear and unambiguous policy language of the contract between the Appellants and MMG grants the Appellants UIM coverage. I disagree and respectfully dissent.

The Majority sets forth the appropriate standard and scope of review. Where I differ is the application of the standard of review to the record before us. In particular, I disagree that the language in the UIM Exclusions section of the policy unambiguously supports an interpretation that MMG was providing coverage for vehicles not otherwise referenced by the policy. The Majority focuses on the absence of the phrase "under this policy" in the UIM Exclusions and contrasts its use in the UM Exclusions section of the

policy. Conversely, I conclude that this policy uses the phrases "this coverage" and "this coverage under this policy" interchangeably.

For example, under "Part A-Liability Coverage," the policy states that MMG's duty to defend ends when the liability limits "for this coverage have been exhausted by payment of judgment for settlement." Similarly, under "Part B-Medical Payments Coverage; Limits of Liability," the policy provides that the "limit of liability shown in the Declaration for this coverage is our maximum limits of liability. . . ."[1] The Majority ignores these uses of the term, and instead focuses on the limited instances where "under this policy" is added to justify the application of the construction aid *expressio unius est exclusio alterious*, or "the mention of one thing implies the exclusion of another thing." However, this Court has specifically held that when interpreting contracts, "[t]his maxim merely expresses a rule of construction, and not a rule of substantive law; it is not to be invoked arbitrarily to bar reasonable inferences to the contrary, or when an examination of the *entire transaction* reveals a different or more inclusive intent." **Ress v. Barent**, 548 A.2d 1259, 1262 (Pa. Super. 1988) (emphasis added).

_____

[1] This phrase appears in the contract in the additional following clauses: Part B—Medical Payment Coverage, Limit of Liability Clause at 5; Part C—UM Coverage Exclusions Clause, at 6; Part-C UM Coverage, Limit of Liability Clause, at 7; UIM Endorsement, Limit of Liability Clause, at 7.

The inappropriateness of the construction aid becomes apparent if we apply the Majority's reasoning to the aforementioned passages that similarly lack the additional "under this policy" language. In short, we would be forced to conclude that MMG's duty to defend and limit of liability can be extended beyond the declared limits by policies the Clarkes had with other insurers. In theory, this interpretation could expand MMG's exposure under the policy to an unlimited amount. Our Supreme Court has concluded that such interpretations of policy exclusions are generally unreasonable and against public policy:

> In light of the primary public policy concern for the increasing costs of automobile insurance, it is arduous to invalidate an otherwise valid insurance contract exclusion on account of that public policy. This public concern, however, will not validate any and every coverage exclusion; rather, it functions to protect insurers against forced underwriting of unknown risks that insureds have neither disclosed nor paid to insure. Thus, operationally, insureds are prevented from receiving gratis coverage, and insurers are not compelled to subsidize unknown and uncompensated risks by increasing insurance rates comprehensively.

*Burstein v. Prudential Property & Cas. Ins. Co.*, 809 A.2d 204, 208 (Pa. 2002). Since the Majority's construction of the policy would leave MMG underwriting unknown risks, and providing *gratis* coverage depending only upon whether the Clarkes contracted with other insurers, I conclude that the Majority's interpretation is not a reasonable reading of the language of the policy.

A natural, reasonable interpretation following the plain language and meaning of the phrase "this coverage" requires no reference to other sections of the policy. Simply put, the very act of analogizing to similar, but not equivalent, language elsewhere in the document is an implicit finding that the term in question is ambiguous. There is no need to refer to different terms if the term under review is unambiguous.  As noted, I find no ambiguity, but even if I did, I would reach the opposite conclusion: the only reasonable construction of the UIM clause is that reached by the trial court.

Furthermore, the Majority is correct to note that public policy concerns are always secondary to the "clear and unambiguous [terms of a] contract." *See Eichelman v. Nationwide Ins. Co.*, 711 A.2d 1006, 1008 (Pa. 1998). They have also appropriately noted that this Court must give effect to clear contractual terms and only examine public policy when enforcement of those terms "would be contrary to a clearly expressed public policy." *Prudential Prop. & Cas. Ins. Co. v. Colbert*, 813 A.2d 747, 752 (Pa. 2002).  Since I find that the term at issue unambiguously excludes the coverage sought by the Clarkes, there is no opportunity to address the public policy implications involved.

For all the aforementioned reasons, I respectfully dissent and would affirm the trial court's grant of summary judgment.