J-A07023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CINDY LOU FRAZIER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOLENE SOLOMON | |
| Appellee | No. 593 WDA 2015 |

Appeal from the Order March 10, 2015
In the Court of Common Pleas of Clarion County
Civil Division at No(s): 985-2013

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                              **FILED APRIL 25, 2016**

Appellant, Cindy Lou Frazier, appeals from the March 10, 2015 order, directing that certain property be returned to Appellee, Jolene Solomon, and her former boyfriend, Dale Wentling.  After careful review, we affirm.

The trial court summarized the relevant factual and procedural history of this case as follows.

> [Appellant] as landlord and [Appellee] as tenant entered into a residential lease agreement dated January 1, 2013, under which [Appellee] rented the residence at 1395 Tylersburg Rd., Leeper, PA for a period of one year to commence January 1, 2013, and ending on December 31, 2013.
>
> [Appellee] was incarcerated in the county jail for 14 days in July 2013 on a matter unrelated to this case.  While [Appellee] was in jail[, Appellant] initiated a landlord-tenant proceeding against [Appellee] with a Magisterial District Judge.  While in jail[, Appellee] was served with a notice of the

hearing scheduled before the Magisterial District Judge on July 31, but was served with no other papers with regard to this matter.

Sometime prior to July 22[, Appellant] changed the locks on the residence and the garage with the furnishings and other personal property of [Appellee] and her boyfriend Dale Wentling locked inside.

At the [M]agisterial District Judge hearing on July 31, 2013, [Appellant] received judgment for rent arrears of $4500; damage to [the] property of $2538.78; costs of $156.50 and service fees of $60.05 for a total of $7,255.33. On August 23, 2013, [Appellee] appealed that judgment to the [trial court]. On September 10, 2013, [Appellant] filed the complaint in this matter. On September 19, 2013, [Appellee] filed an answer and counterclaim for the personal property being held by [Appellant]. The matter was heard by a board of arbitrators on March 27, 2014, and the arbitrators awarded [Appellant] $4,264.21 including costs. [Appellee] did not appeal the judgment. On November 19, 2014[, Appellant] filed a motion for aid in execution, asking the [trial] court to award ownership of the 1979 Chevrolet Monte Carlo which was part of the property taken by [Appellant] when the locks were changed on the rented property. [Appellant] further requests the [trial] court to award title to a boat licensed by the Pennsylvania Fish and Boat Commission. [Appellant]'s motion for aid in execution was scheduled for [a] hearing before th[e trial c]ourt on December 30, 2014. At the time of that hearing [A]ttorney [Chad] Rosen[, Esquire (Attorney Rosen)] appeared on behalf of Dale Wentling[,] who was [Appellee]'s boyfriend at the time of the rental of the property and claimed that Mr. Wentling owned the Chevrolet Monte Carlo as well as other personal property including various tools etc. which were still in [Appellant]'s possession and that [Appellant] refused to permit Mr. Wentling to obtain possession of the same. At that time there was no formal motion for Mr. Wentling to intervene in the proceeding and the [trial] court encouraged

the parties to discuss the matter and attempt to resolve it amicably. The parties agreed to a motion by [Appellee] to continue the matter to permit further discussion. On January 26, 2015, [Appellant] filed a motion to reschedule the hearing on the motion for aid in execution, and on March 10, 2015, the hearing was held. Mr. Wentling, through counsel, asked to intervene which was not opposed. The [trial c]ourt found [Appellant] was illegally holding property of [Appellee] and Mr. Wentling and ordered [Appellant] to return the property to them.

Trial Court Opinion, 7/1/15, at 1-3.[1]  On April 9, 2015, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises one issue for our review.

> I.     May a landlord and tenant lawfully agree to include the following language in their contract lease agreement:
>
> "13.  The tenant hereby gives Landlord, in addition to the lien given by law, a lien upon all property situated upon said premises, including all furniture and household furnishings, whether said property is exempt from execution or not, for the rent agreed to be paid hereunder, for any damages caused by Tenant, and for court costs and attorney's fees incurred under the terms hereof[?]"[]

Appellant's Brief at 2.

---

[1] We note the trial court opinion does not contain pagination. Therefore, we have assigned each page a corresponding page number for ease of review.

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Instantly, Appellant argues the trial court erroneously concluded Appellee's and Wentling's due process rights were violated without first considering whether paragraph 13 of the lease applied. *Id.* at 10. Appellant's sole argument is that the trial court "fail[ed] to analyze the issues presented under paragraph 13 of the lease contract." *Id.* Appellant asks for this Court to vacate and remand with instructions for the trial court to consider whether paragraph 13 precludes its due process conclusion. *Id.*

At the outset, we observe that a claim as to whether a person's constitutional rights were violated and questions pertaining to the interpretation of a contract present questions of law, for which our standard of review is *de novo*, and our scope of review is plenary. ***Wirth v. Commonwealth***, 95 A.3d 822, 835 (Pa. 2014); ***Clarke v. MMG Ins. Co.***, 100 A.3d 271, 275 (Pa. Super. 2014), *appeal denied*, 117 A.3d 294 (Pa. 2015).

At the March 10, 2015 hearing, Appellant attempted to argue that paragraph 13 of the lease applied. The exchange that occurred was as follows.

> [Appellant's counsel]: … The order of possession gives [Appellant] the right to take property on the land. Second, paragraph 13 of the lease [Appellee] said she gives a lien --
>
> [Wentling's counsel]: I'm going to object. That was never placed into evidence, the lease.

[Appellant's counsel]:  The lease is of [sic] the file. It's part of it, and it's actually attached to my pleading as well, I believe.

[Wentling's counsel]:  There was no evidence concerning --

[Appellant's counsel]:  It's in the file.

[Wentling's counsel]:  There's no evidence in the record, that [paragraph] 13 wasn't discussed at all today, Your Honor.

The Court: All right.  That's sustained.

N.T., 3/10/15, at 56-57.

The record reveals the trial court did not consider paragraph 13 of the lease because it sustained Wentling's objection that the lease was not placed into evidence.[3]  **See id.**  Appellant's brief is devoid of any argument that challenges the trial court's ruling on Wentling's objection.  Therefore, Appellant has waived this issue.  **See generally** Pa.R.A.P. 2119(a); **In re Estate of Whitley**, 50 A.3d 203, 209 (Pa. Super. 2012) (stating, "[f]ailure

_____

[3] We do note the trial court addressed the issue of distraint generally at the March 10, 2015 hearing, leaving aside whether paragraph 13 of the lease in this case required a different result.  **See generally** N.T., 3/10/15, at 60-61.  The trial court noted that we had previously held that the distraint statute, 68 P.S. § 250.302, was unconstitutional under the Due Process Clause of the Fourteenth Amendment.  **Id.** at 60.  As this Court explained in **Allegheny Clarklift, Inc. v. Woodline Indus. of Pa., Inc.**, 516 A.2d 606 (Pa. Super. 1986), Section 250.302 deprived a tenant of notice and an opportunity to be heard, which strikes at the very core of the procedural component of the Due Process Clause.  **Id.** at 608.  As a result, the trial court concluded that Section 250.302 could not be used to support Appellant's seizure of Appellee and Wentling's property in this case, as it would violate their due process rights.  N.T., 3/10/15, at 61.

to cite relevant legal authority constitutes waiver of the claim on appeal[]") (citation omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013). Instead, Appellant only argues the merits of the issue, that is, whether paragraph 13 affects the trial court's conclusions in its order. Appellant's Brief at 8-10. Since Appellant has waived all argument regarding Wentling's objection, and we may not raise the issue *sua sponte*, we are precluded from reaching the merits of Appellant's claim. ***See, e.g.***, ***Estate of Haiko v. McGinley***, 799 A.2d 155, 161 (Pa. Super. 2002) (stating, "[i]t is not this Court's function or duty to become an advocate for the appellant[]").

Based on the foregoing, we conclude Appellant's issue raised on appeal does not warrant relief, as Appellant has waived any challenge to the trial court's reason for not considering the merits of the same. Accordingly, the trial court's March 10, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2016