*Mr. Alfred Bettman,* city solicitor; *Mr. Stanley W. Merrell* and *Mr. Mitchell Wilby,* assistant city solicitors, and *Mr. Geoffrey Goldsmith,* for plaintiff in error.

*Messrs. Dolle, Taylor & O'Donnell,* for defendant in error.

---

THE PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RY. CO. *v.* STUGARD, ADMR.

*Contributory negligence—Railroad crossing accident—Driver obstructs own view—Error to overrule motion to direct verdict, when.*

Where it appears that the intestate, a driver who was killed at a railway crossing, was walking beside his wagon, which was between him and the railway track and was piled high with lumber so as to obstruct the view of an approaching train, and there is evidence that the whistle was blown for the crossing, it is error in an action for damages on account of his death to overrule a motion to direct a verdict for the railway company.

(Decided July 20, 1914.)

ERROR: Court of Appeals for Hamilton county.

JONES, E. H., J.; SWING, J., concurring; JONES, OLIVER B., J., dissenting.

This action was brought in the superior court by George Stugard, administrator of the estate of John B. Vastine, against the plaintiff in error, for

damages on account of the death of said intestate, which is alleged to have resulted from injuries received by him. While driving a wagon along Erie avenue at the intersection of said avenue with the track of the plaintiff in error company, Vastine's wagon was struck by a train and he received injuries which resulted in his death.

The evidence shows that at the time of the accident Vastine was driving his team, and that he himself was walking on the left side of the load of lumber, which was piled so high upon the wagon as to obstruct his view of the train, which was approaching from his right at the rate of thirty miles per hour.

We think the evidence satisfactorily shows that the whistle was sounded for this crossing at the proper distance, and that therefore the claim of negligence on the part of the railway company in the management of its trains is not well supported by the evidence.

The decision of the court, however, will not rest upon the failure to show negligence on the part of the railway company. We find no escape from the conclusion that the proximate cause of the death of the intestate was his own negligence in failing to look or listen for the train, and that if he had done either he could and would have seen the train in ample time to have avoided his injury. There is no conflict in the evidence that the emergency whistle was sounded as soon as the engineer and fireman discovered his peril, and at least three whistles were sounded in rapid succession a short distance from the crossing, and that after the sounding of this signal the decedent, being upon the ground,

had ample time and opportunity to have reached a place of safety. The warning whistle for this crossing was sounded by those in charge of the locomotive about 1,100 feet from the crossing. These men not only testified to this, but the whistle was heard by Mr. Bailey, who was at the time near the crossing and saw Vastine driving along with the load of lumber.

There is no reason given why Vastine could not have heard this whistle as well as Mr. Bailey, and if he did not hear it the noise of his wagon must have been responsible for his failure so to do. This being the case, it was his duty to have stopped the noise of his wagon so as to have made his listening effective. See *B. & O. Rd. Co.* v. *Stewart,* 12 C. C., N. S., 250, 77 Ohio St., 603; *Ohio Traction Co.* v. *Smith,* 15 C. C., N. S., 124.

The evidence shows, too, that he was prevented from seeing this approaching train by the lumber upon his wagon. It is claimed that there were obstructions to his view, such as lumber piles and a mound of earth with a fence upon it, but we think that he was prevented from seeing up the track by the lumber upon his wagon, and that if he had stepped from behind this barrier, within twenty or thirty feet of the track, he would have had no difficulty in seeing the approaching train.

The evidence of his negligence is so strong, as gathered from all the facts and circumstances of the case, as to become a question of law, and the request for a directed verdict in favor of the defendant, at the close of all the evidence, in the court below, should have been granted. The judgment of the superior court will therefore be reversed,

and judgment may be entered here for plaintiff in error.

*Judgment reversed, and judgment for plaintiff in error.*

*Messrs. Maxwell & Ramsey,* for plaintiff in error.

*Mr. T. J. Edmonds; Mr. J. E. Shepard* and *Messrs. Nelson & Hickenlooper,* for defendant in error.

JONES, OLIVER B., J., dissenting.

I cannot agree with the majority of the court that the record presented here shows no negligence on the part of the defendant below or conclusively shows contributory negligence on the part of the plaintiff below.

There is evidence of negligence on the part of the railroad company, and in my opinion no direct evidence of contributory negligence on the part of plaintiff, and in the absence of evidence to the contrary there would be rather a presumption that plaintiff looked and listened before attempting to cross (*Balt. & Potomac Rd. Co.* v. *Landrigan,* 191 U. S., 461). Different minds might reasonably arrive at different conclusions, and this record presents a case where, in my opinion, it was the duty of the court to submit the questions, both of negligence and contributory negligence, to the jury, under proper instructions, and it would have been error for the court to direct a verdict for the defendant. *The C., C, & C. Rd. Co.* v. *Crawford,*

*Admr.,* 24 Ohio St., 631; *Cincinnati St. Ry. Co.* v. *Snell,* 54 Ohio St., 197; *The S. & W. Traction Co.* v. *Brandon, Admr.,* 87 Ohio St., 187; *Gibbs* v. *Village of Girard,* 88 Ohio St., 34.

The jury having passed upon the question of negligence and of contributory negligence, I do not think that the record is of such character that the reviewing court should say that their verdict is so manifestly against the weight of evidence that it should be set aside.